No. 23452.

ALLEN JOSEPH REYNOLDS *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(471 P.2d 417)

Decided June 22, 1970.

A. M. Coren, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Paul D. Rubner, Assistant, Eugene C. Cavaliere, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

Allen Joseph Reynolds was found guilty on each of the counts of larceny by bailee and embezzlement. Both charges arose out of the identical transaction involving the taking of $350.90 from M. C. Oil Co., Inc., Reynolds' employer. A concurrent sentence on each of the counts was imposed.

Reynolds was employed as manager of a service station. He was paid a salary plus a share of the profits from the operation of the station. He had general supervisory duties and some authority to hire and fire additional employees. The business was funded with a daily cash "bank" of $50. There was no cash register. All employees handled the funds. The monies would either be delivered

to the employer or picked up at the station daily. Reynolds left work one day while the owner was on the premises examining the week's business records, and he did not return to resume his employment. Shortages were discovered — including the cash "bank" which was missing from the premises after defendant left. Defendant testified at the trial. He denied taking any of the monies of the service station with him on the day he left his employment.

■ Several grounds are relied upon by defendant in seeking reversal of his conviction. At the outset, we agree that the conviction on both counts cannot stand, and the court should have directed a verdict of acquittal on the charge of larceny by bailee. Embezz'ement and larceny by bailee cannot both exist under the circumstances in this case. Defendant was an employee of the oil company; he was not some party under a different type of contractual arrangement with it. There is no evidence to indicate that there was a bailment of any type.

■■ Larceny by bailee is somewhat similar to embezzlement in that each offense requires that possession of the personal property be lawfully obtained followed by a conversion with intent to steal. The distinction is that in larceny by bailee the lawful possession is obtained by contract, while in embezzlement the possession arises because of some office or employment held by the defendant. See C.R.S. 1963, 40-5-13 and 40-5-15. Here we clearly have an employment relationship rather than one of bailment. The court's failure, however, to take the count of larceny by bailee from the jury was not prejudicial in this case for defendant was sentenced on both counts concurrently. We set aside the conviction on that count but affirm the judgment as to embezzlement.

I.

■■ Defendant urges upon us that he was entitled to a directed verdict of acquittal on all counts and that the embezzlement count is not supported by the evidence. Advancing the argument that all of the circumstances

were as consistent with his innocence as with his guilt, he points out that numerous parties had access to the bag containing the money in the station; that the records were incomplete and inaccurate; that the bookkeeping system was casual, and that there were any number of explanations for and conclusions to be drawn from the disappearance of the funds. He also points out that his actions on the day of the alleged disappearance of the funds were not consistent with guilt because he later returned to the station and purchased some products with a credit card from an employee on duty.

As we view the record, the evidence was merely conflicting. The people's case, both direct and circumstantial, apparently believed by the jury, supports the verdict of guilt on the embezzlement count. One of the strongest factors was the testimony of an employee from whom the purchases were made when defendant returned to the station. He testified that Reynolds admitted leaving the station with the money. This testimony, coupled with the fact that the money bag was discovered to be missing immediately after the defendant departed, is not consistent with defendant's innocence. The resolution of the conflicting facts depended upon the credibility of the witnesses which was for the jury to determine.

## II.

■ A second argument advanced for overturning the conviction is that the court permitted evidence of a prior conviction of Reynolds on a bribery charge in which he had entered a plea of *nolo contendere*. It is contended by the defendant that the plea entered was an admission of guilt only for the purpose of disposition of that particular case and that it cannot be used for any other purpose. We have previously disposed of this argument in the case of *Lacey v. People,* 166 Colo. 152, 442 P.2d 402, in which we held that a conviction on a plea of *nolo contendere* is such as to bring it within the provisions of C.R.S. 1963, 154-1-1, and may be shown to affect one's credibility. We take further notice, however, that in this

case the defendant's counsel affirmatively asserted to the trial court that he had no objection to the fact of the plea of *nolo contendere* to the previous criminal transaction so long as the court permitted the defendant to explain fully the circumstances of the plea, which the court permitted.

### III.

Another argument presented is that it was error to allow Exhibit A, the daily work sheets, to be submitted into evidence because the chain of evidence is obscure. Exhibit A is made up of 30 work sheets, one for each day for the month of April. The exhibit was obtained by the police from the president of M.C. Oil Co. and kept in the sheriff's office in the evidence vault until the time of the trial. Its history from the time it came into the possession of the police was conclusively established. Before it came into the possession of the police there is no clear showing of its whereabouts at all times or who did what work on it. The work sheets, however, were identified by the employer, the employer's accountant, the bookkeeper of the employer, by another employee, and by the defendant himself. The applicable test for admissibility of real evidence is only that it be connected in some manner with either the perpetrator, the victim, or the crime. It is only where it is not possible to establish the identity in question by a single witness that a chain of evidence should be established. *Washington v. People,* 158 Colo. 115, 405 P.2d 735. Any questions arising as to its connection with the defendant go to the weight rather than admissibility of the exhibit. 2 *Wharton, Criminal Evidence,* § 675, p. 617.

### IV.

Lastly, it is contended that the defendant was denied effective representation by counsel in that evidence which was improperly and highly prejudicial to defendant came before the jury without objection from or with the consent of defendant's counsel. In this connection it is pointed out, as noted above, that counsel

failed to object to the testimony related to the *nolo contendere* plea; that he allowed evidence to come in without objection on cross-examination of the complaining witness, which indicated that Reynolds had been in the penitentiary. He further alleged that counsel failed to prepare written instructions or verdict, did not file or argue a motion for a new trial, and that the trial was so tainted that as a matter of law defendant did not have a fair trial.

Our review of the record indicates that Reynolds was adequately defended. As previously noted, this court has ruled that the evidence of the previous conviction on the *nolo contendere* plea was admissible, hence, objection thereto would have been to no avail. As to the other alleged inadequacies of counsel, this court stated in *Dolan v. People,* 168 Colo. 19, 449 P.2d 828, as follows:

"The constitutional right to the assistance of counsel is not a guarantee against mistakes of strategy or exercise of judgment in the course of a trial as viewed through the 20-20 vision of hindsight following the return of a verdict in a criminal case. *Torres v. People,* 159 Colo. 254, 411 P.2d 10; *Valarde v. People,* 156 Colo. 375, 399 P.2d 245. * * *"

The judgment is affirmed in part and reversed in part.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.