Roy Lee BELLE, Appellant,

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–234.**

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Roy Lee Belle, hereafter referred to as defendant, was charged, tried, and convicted in the District Court Oklahoma County, Case No. CRF–72–2997, for the offense of Robbery With Firearms, his punishment was fixed at twenty (20) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Peggy Hubbard testified that on December 18, 1972, she was employed at a convenience food store at 57th and N. Western in Oklahoma City. At approximately 8:20 p.m. a man, whom she identified in court as defendant, came in, bought cigarettes and left. The defendant returned about 20 minutes later and asked to exchange these cigaretts for another kind. As she turned to exchange these cig-

aretts, defendant pointed at her and demanded the money. Defendant told her not to sound any alarms and to hurry or he would kill her. She placed the money in a grocery sack and handed it to the defendant. The defendant left the store and she called police. She identified State's Exhibit No. 1 as the coat worn by the defendant.

Officer Bell, testified that he answered a call to the store, arriving at approximately 8:50 p.m. He obtained a description from Miss Hubbard and broadcasted it on his police radio.

Officer Taylor, of the Oklahoma City Police Department, testified that about 2:00 a.m. on December 19, he arrested defendant in an apartment complex at 38th and North Adair in Oklahoma City. Defendant was riding in an automobile driven by one Henderson. Defendant was wearing a dark jacket, State's Exhibit No. 1.

Officer Acox, testified that he conducted a police lineup where Miss Hubbard identified defendant as the robber.

For the defendant, Vanessa Debose testified that she lived with her parents east of Spencer and had known defendant about two (2) years. Defendant came to her house about 9:00 p.m., on December 18th, and stayed until 30 minutes after the TV went off the air. Defendant left with Claude Ramsey and Henderson.

Francis Brazille, Vanessa's mother, testified that she came home about 9:30 p.m. on the evening in question and observed defendant and Ramsey visiting with her daughter. Henderson came in later and the three men left after the TV went off.

Kermit Brazille's (Vanessa's father) testimony did not differ substantially from the testimony of Francis Brazille.

Defendant testified that he and Ramsey went to Vanessa Debose's house at about nine o'clock p.m. and later left with Ramsey and Henderson. They shot pool for approximately one and one-half hours and when they were taking him home he was arrested. He denied any participation or knowledge of the robbery.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury can reasonably conclude that the defendant was guilty as charged the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts.

■ The final proposition contends that the punishment is excessive, this proposition is well taken. The record reflects that attempting to impeach defendant's testimony the Assistant District Attorney asked on cross-examination "Now, you're on a deferred sentence, are you not?" A. "Yes, sir, deferred sentence." (Tr. 102). Defendant finally objected to the question and answer which was sustained by the trial court. We are of the opinion that "deferred sentence" is not a conviction until such time as the trial court pronounces judgment and sentence. 22 O.S. § 991c provides in part:

"Upon a verdict or plea of guilty, but before a judgment of guilt, the court may, without entering a judgment of guilt and with the consent of defendant defer further proceedings and placed the defendant on probation under the supervision of the State Department of Corrections upon the conditions of probation prescribed by the court."

The judgment and sentence is accordingly modified to a term of fifteen (15) years imprisonment and as so modified, the judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.