**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Larry Dean TURNER, Defendant-Appellant.**

**No. 74–1033.**

United States Court of Appeals, Tenth Circuit.

April 8, 1974.

John Street, Tulsa, Okl., for defendant-appellant.

Nathan G. Graham, U. S. Atty., Ben F. Baker, Asst. U. S. Atty., Tulsa, Okl., for plaintiff-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

Larry Dean Turner was convicted of transporting forged and stolen securities in interstate commerce, in violation of 18 U.S.C. § 2314. On appeal, he contends the trial court improperly allowed the government to cross-examine him

about a plea of guilty that did not result in a conviction. We affirm.

During the course of the trial, Turner took the stand and testified. On cross-examination, and over objection, he was asked if he had pleaded guilty in state court to previous felony charges.[1] The trial court ruled this evidence was admissible for the purpose of impeaching Turner's credibility.

Turner's guilty plea in the state court resulted in a deferred judgment under 22 O.S. § 991c (Supp.1973), which provides:

> Upon a verdict or plea of guilty, but before a judgment of guilt, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and place the defendant on probation under the supervision of the State Department of Corrections upon the conditions of probation prescribed by the court. Such conditions may include restitution when applicable. Upon completion of the probation term, which probation term under this procedure shall not exceed two (2) years, the defendant shall be discharged without a court judgment of guilt, and the verdict or plea of guilty shall be expunged from the record and said charge shall be dismissed with prejudice to any further action. Upon violation of the conditions of probation, the court may enter a judgment of guilt and proceed as provided in Section I of this act. The deferred judgment procedure described in this section shall only apply to defendants not having been previously convicted of a felony.

Because his guilty plea resulted in a deferred sentence and not a judgment of guilt, Turner contends, it was not a conviction and therefore was improperly admitted into evidence in the case before us.

■■ It is a well settled rule of law that only previous convictions, and not previous acts of misconduct not resulting in conviction, can be used for impeachment purposes. Tafoya v. United States, 386 F.2d 537 (10th Cir. 1967). Turner correctly contends that a deferred sentence is not a "conviction" under Oklahoma law. Belle v. State, 516 P.2d 551 (Okl.Cr.1973). In so doing he evidently assumes the evidentiary question is to be resolved by Oklahoma law. But neither the statutes nor decisional law of the forum state control the admissibility of evidence in any phase of a federal criminal action. United States v. Woodall, 438 F.2d 1317 (5th Cir. 1970), cert. denied 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971); United States v. Montgomery, 126 F.2d 151 (3d Cir. 1942), cert. denied 316 U.S. 681, 62 S.Ct. 1268, 86 L.Ed. 1754. The principles of common law, as interpreted by courts of the United States in the light of reason and experience, govern over state law and precedent.[2]

■ Federal cases interpret the common law as allowing evidence of other convictions for impeachment purposes, 8 Moore's Fed. Practice 26–3 (Supp.1973), and hold that a guilty plea is a confession of guilt and amounts to a conviction. Dalton v. Hunter, 174 F.2d 633 (10th Cir. 1949), cert. denied 338 U.S. 906, 70 S.Ct. 301, 94 L.Ed. 557; Lindsay v. United States, 134 F.2d 960 (10th Cir.

---

1. "Q. Mr. Turner, I would like to direct your attention to Hughes County, Oklahoma and ask you if, on August 5th, 1971, in the District Court of Hughes County, you entered a plea of guilty to one or more felonies?
A. Yes, sir.
Q. How many, please, sir?
A. Ten.
Q. And what were those felony charges?
A. Burglary, grand larceny."

2. Rule 26, F.R.Crim.P., provides in part: "The admissibility of evidence . . . shall be governed, except when an act of Congress or these rules otherwise provide, by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

1943), cert. denied, 319 U.S. 763, 63 S. Ct. 1316, 87 L.Ed. 1714.

We find that Turner's guilty plea does amount to a conviction, and was admissible for impeachment purposes.

Affirmed.