**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Coda Lloyd VICE, Jr.,
Defendant-Appellant.**

**No. 77–5283
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1977.

Rehearing Denied Dec. 22, 1977.

Boyce Holleman, Ben Galloway, Gulfport, Miss., for defendant-appellant.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Robert E. Hauberg, U. S. Atty., Daniel E. Lynn, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before THORNBERRY, CLARK and HILL, Circuit Judges.

PER CURIAM:

■ Defendant was convicted on a plea of nolo contendere for knowingly making a false statement in the acquisition of a firearm, in contravention of 18 U.S.C.A. § 922(a)(6) (1976). When he bought the firearm in 1975, defendant stated that he had never been convicted by any court of a crime punishable by a prison term exceeding one year when in actuality he had been convicted of such a crime by a state court on May 6, 1966. After indictment but before trial of the federal offense, the state court that had previously convicted defendant voided that conviction on constitutional grounds as of the date of the conviction.

Defendant argues that the statement made while acquiring the firearm was not false since the original conviction had been set aside and declared void as of a date prior to the firearm transaction and that therefore no violation of § 922(a)(6) had occurred. In *United States v. Ransom*, 545 F.2d 481 (5th Cir. 1977), this court held to the contrary. At the time defendant made the statement and failed to reveal the existence of a prior conviction, the statement was false. That the prior conviction was later set aside on constitutional grounds does not obviate the requirement imposed by § 922(a)(6) "to tell the truth about the conviction." 545 F.2d at 484. Defendant's reliance on *United States v. Fryer*, 402 F.Supp. 831 (N.D.Ohio 1975), *aff'd* 545 F.2d 11 (6th Cir. 1976) is misplaced. In *Fryer* the prior conviction had already been set aside by operation of law under the Youth Corrections Act, 18 U.S.C.A. § 5021(b) (1969), *before* the firearm acquisition.

Thus no outstanding conviction was in existence at the time the statement was made. Since the defendant's statement in this case was false at the time it was made, *Ransom* dictates that the conviction be affirmed.

■ Defendant also argues that his sentence of a three-year prison term and a two thousand five hundred dollar fine is disproportionate and excessive and amounts to cruel and unusual punishment under the eighth amendment. Assuming without deciding that this issue is properly before us, *see United States v. Tallant*, 547 F.2d 1291 (5th Cir. 1977) (holding only jurisdictional defects to be appealable after a conviction founded on a nolo contendere plea), we refuse to disturb the sentence. The sentence itself is within the statutory limits and therefore is not subject to appellant review. *Herron v. United States*, 551 F.2d 62 (5th Cir. 1977); *cf. United States v. Hartford*, 489 F.2d 652 (5th Cir. 1974) (appellate review is limited to the judicial process by which the sentence was determined). Moreover, under the circumstances of this case the imposition of a sentence within the statutory limits cannot be said to be "so greatly disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice," the standard for an eighth amendment violation. *See United States v. Bondurant*, 555 F.2d 1328, 1329 (5th Cir. 1977). The defendant may, of course, seek relief from the sentencing judge by a motion for reduction of sentence pursuant to Fed.R.Crim.P. 35.

AFFIRMED.