**Robert Dale MILLER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–796.**

Court of Criminal Appeals of Oklahoma.

Aug. 11, 1978.

John T. Elliott, Public Defender, Garvin A. Isaacs, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Robert Dale Miller, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–76–4587, of the offense of Larceny of Merchandise From a Retailer, in violation of 21 O.S.1971, § 1731. His punishment was fixed at three (3) years' imprisonment.

Due to the nature of the assignments of error, only a brief recitation of the facts is necessary. The evidence showed that on December 14, 1976, the defendant entered a T.G. & Y. store located at 1600 S.W. 74th Street in Oklahoma City. He was observed trying on a pair of cowboy boots by a salesclerk. The boots had a value in excess of $20.00. The defendant then left the store. While this was occurring the defendant had been watched by a security guard, who followed him out of the store and made the arrest. The defendant was unable to produce a sales receipt for the boots. In his defense, the defendant testified that he had purchased the boots in the same store earlier in the day and then returned to make additional purchases. He did not recall whether or not he had received a sales receipt for the boots. On cross-examination, it was brought out that the defendant had previous convictions for burglary, concealing stolen property and possession of a controlled substance.

█ For his first assignment of error, the defendant alleges that the District Attorney should not have been allowed to cross-examine him concerning his prior deferred sentences. The record shows that an in camera hearing was held, after which the court allowed the prosecutor to ask the defendant about prior deferred sentences for the limited purpose of impeaching his credibility. Defense counsel objected to these questions and moved for a mistrial, but was overruled. The offenses complained of are knowingly concealing stolen property and possession of a controlled and dangerous substance. This Court has recently taken the position that it is error to question a witness about deferred sentences because a deferred sentence is not a conviction until such time as the trial court pronounces judgment and sentence. *Belle v. State,* Okl.Cr., 516 P.2d 551 (1973). In the *Belle* case, this Court modified a 20 year sentence to 15 years because of such improper questions, even though such questions were belatedly objected to and sustained by the trial court. Therefore, we must modify this sentence in order to be consistent with *Belle v. State,* supra, and since the trial court erroneously overruled defense counsel's timely objections.

The defendant's second assignment of error alleges error by the trial court in not taking the case from the jury when the foreman stated that the jury was compromising on the aspect of punishment. The record shows that after the jurors had deliberated for some time they asked to see the judge. They were brought into open court where the foreman informed the judge that the determination as to guilt had been made but no agreement could be reached as to punishment. The following then transpired:

"THE COURT: All right, Mr. Berryhill, with that in mind, let me ask you whether the numerical decision as to punishment has changed say in the last three quarters of an hour or hour?

"MR. BERRYHILL: Of course, I haven't been keeping time. (Laughter)

"THE COURT: I understand that. What I'm wondering is really—let me ask you another way—do you feel, in your own judgment, that you are making any progress at this point in time?

"MR. BERRYHILL: Well, we—uh—we do have some compromises.

"THE COURT: Do you feel that more time will enable you to arrive at a verdict?

"MR. BERRYHILL: Yes, sir."

\*     \*     \*     \*     \*     \*

"[THE COURT:] All right, you have been out about two and a half hours or a little over which is not really very long in time so I'm going to keep you here late; however, I do not think this is the sort of case that would justify your staying late to work on. At the same time I want to give you an opportunity to reach a verdict if you can."

The defendant asserts that the judge's comments indicated that in his opinion a harsh punishment should be imposed in this case. We believe the comments could just as easily be taken as indicating that a light sentence would be appropriate. In addition, we note that immediately following the statement of which the defendant complains the trial court made this comment to the jury:

"In that connection, it may help if I give you an additional instruction. . . . should you find from the evidence . . that the defendant is guilty . . . but should you be unable to agree upon the punishment . . . even though it is your duty to do that, you may then so state your inability in your verdict and leave the punishment to be assessed by this Court."

Previous decisions of this Court have held that it is error for a judge to indicate his opinion about the merits of a case to the jury. *Smith v. State*, 12 Okl.Cr. 513, 159 P. 941 (1916), *Reed v. State*, 5 Okl.Cr. 365, 114 P. 1114 (1911). In the case at bar, however, the trial judge's comments do not express any opinion as to the defendant's guilt or innocence, the weight to be given to the testimony of any witnesses or the amount of punishment the defendant should receive. Rather, it appears that the comments were directed towards finding out how far apart the jury was and what the prospects were for an expeditious verdict. We find the defendant's second assignment of error to be without merit.

In accordance with our conclusion as to the first assignment of error, the sentence in this case is MODIFIED from three (3) years' imprisonment to two (2) years' imprisonment and is otherwise AFFIRMED.

BUSSEY, P. J., and BRETT, J., concur.