**UNITED STATES of America, Appellant,**

v.

**Frank Steve BRZOTICKY, Appellee.**

No. 77–1872.

United States Court of Appeals, Tenth Circuit.

Submitted Aug. 9, 1978.

Decided Nov. 27, 1978.

Ronald L. Rencher, U. S. Atty., and Steven W. Snarr, Asst. U. S. Atty., Salt Lake City, Utah, for appellant.

Robert Van Sciver and Randall T. Gaither, Salt Lake City, Utah, for appellee.

Before SETH, Chief Judge, and DOYLE and LOGAN, Circuit Judges.

SETH, Chief Judge.

The United States has taken this appeal from the dismissal of an indictment against the defendant. The charge was under 18 U.S.C. § 922 for receiving a firearm after having been convicted of a felony, and for giving false information at the time of the purchase of the firearm as to prior convictions. The trial court granted a motion of the defendant which asked for dismissal on the ground that defendant had no prior conviction.

The ruling on the motion was a determination that the *nolo contendere* plea entered by the defendant in a Colorado court in 1966 to a charge of larceny of an automobile was not a previous conviction as contemplated in 18 U.S.C. § 922. The Colorado charge was of a crime punishable by imprisonment for more than one year, and upon the *nolo* plea the Colorado court found the defendant guilty and gave a suspended sentence of three to five years.

Thus the issue is whether the Colorado proceedings constituted a "conviction in any court" as the term is used in 18

U.S.C. § 922. We will look to the laws and decisions of Colorado and use the characterization of the proceedings by the state to determine whether there was a "conviction" of the defendant of the larceny charge. We apply the Colorado law pursuant to our decision in *United States v. Stober*, 588 F.2d 768 (10th Cir.), just decided by this court.

■ *Nolo contendere*, in Colorado and elsewhere, is a response to the request for a guilty or not guilty plea, but does not meet the issue, and instead only says that the defendant will not contest the charge. The Colorado courts have considered the consequences of a *nolo* response in *People ex rel. Atty. Gen. v. Edison*, 100 Colo. 574, 69 P.2d 246; *Bruce v. Leo*, 129 Colo. 129, 267 P.2d 1014; *Lacey v. People*, 166 Colo. 152, 442 P.2d 402; and *Reynolds v. People*, 471 P.2d 417 (Colo.). In the two earlier cases the court stated that the *nolo* "plea" would have no consequences beyond the particular proceeding. In *People v. Edison* there were several factors considered by the court which it felt induced the plea. In *Bruce v. Leo* the court considered the suspension of a liquor license where the licensees had entered *nolo* pleas to charges of selling to minors. The court had accepted the *nolo*, fined them fifty dollars, and ordered that "the case be removed from the docket." The supreme court held, in reliance on *Edison*, that the plea could not be used in any collateral matter.

In *Lacey v. People*, 166 Colo. 152, 442 P.2d 402, Justice McWilliams for the Supreme Court of Colorado stated, in referring to the consequence of a *nolo* plea:

"In other words, following sentence a person is *convicted* upon either a plea of guilty or a plea of nolo contendere, even though there admittedly are differences in general purpose of each of these two pleas."

The court there referred to the *Edison* case, indicated that it was not on the precise question, and stated they chose to follow the better rule that a conviction on a *nolo* plea could be used to impeach the witness.

*Lacey* was followed in *Reynolds v. People*, 172 Colo. 137, 471 P.2d 417, wherein the court said *Lacey* had disposed of the argument that the plea was an admission of guilt only for the case in which it was entered.

■ From the consideration of the Colorado cases it must be concluded that the *nolo* plea in Colorado is there considered to now have application beyond the original case. Thus with the judgment entered thereon there is a determination of guilt, and is a "conviction." This is sufficient to meet the "conviction in any court" requirement of 18 U.S.C. § 922.

■ As to the expungement issue, the defendant thus had a previous conviction in the Colorado state court, and that conviction was extant when the question was answered as to convictions when the firearm was purchased, and when defendant received the firearm he came within the prohibition of 18 U.S.C. § 922. The expungement, which took place after the charges herein considered were filed, did not change the situation as it existed when the incidents took place upon which the charge was based.

The judgment of dismissal by the trial court is set aside and the indictment is reinstated. The case is REMANDED to the trial court for further proceedings.

WILLIAM E. DOYLE, Circuit Judge, concurring.

The conclusion reached by the majority, as shown hereinafter, is out of harmony with the general law and will, I predict, create serious problems.

My disagreement with the majority opinion stems from its conclusion that state law rather than federal law determines whether there has been a conviction. The result is that we, by judicial fiat, allow the state definition of conviction to determine whether an element in a federal crime has been proven. Since my belief is that Congress alone can make such a determination and in view of the lack of logic in this result, I concur in the result only.

This is an appeal by the United States from a judgment of dismissal of an indictment. Appellee was charged with the offense of providing false information concerning a prior conviction in connection with the acquisition of a firearm, contrary to 18 U.S.C. § 922(a)(6) (1970), and in an additional count with the receipt by a convicted felon of a firearm shipped in commerce, contrary to § 922(h) (1970). As is apparent from the brief description of the charges, the prior felony conviction is vital in each of the charges. It is the adequacy of this element which is here challenged.

In 1966, in a Colorado proceeding, defendant-appellee entered a plea of nolo contendere to a charge of larceny of a motor vehicle. The court declared a sentence of three to five years, but suspended the execution of it and placed appellee on probation. After appellee was charged with the federal firearms offenses, the Colorado court ordered the court's record of the 1966 case expunged and sealed. The question for decision is whether given all of the described circumstances there was a prior conviction. I conclude yes; that a plea of nolo contendere is a conviction for this purpose.

The nolo contendere plea is not in truth a plea. It is a formal declaration by the accused that he will not contend with the prosecutor under the charge. It is often said to be substantially, though not technically, a plea of guilty. It assumes the truth of the facts in the case for the purpose of the proceedings. It was recognized at common law as a compromise of the case and it looked then to the imposition of a fine rather than imprisonment. 8 J. Moore's Federal Practice ¶ 11.07[1] at 11–109 (2d ed. 1977). The U. S. Supreme Court considers the plea as an admission of guilt in the particular case, whereby a prison sentence may be imposed as punishment. *Hudson v. United States*, 272 U.S. 451, 455, 457, 47 S.Ct. 127, 71 L.Ed. 347 (1926). The purpose of the plea, according to Moore, *supra*, is avoidance of civil sanctions and liabilities which might result from a guilty plea. It has been popular in antitrust litigation because of its nonadmissibility in a subsequent civil damage suit. 8 J. Moore's Federal Practice ¶ 11.07[1], at 11–110.

For the purpose of the criminal case in which the plea is entered, the effect of the offer of the plea and the acceptance of it by the court and prosecutor is the equivalent of a conviction on a guilty plea. *Id.* at 11–112. Jeopardy under the Constitution (Fifth Amendment) attaches upon its being accepted by the court, *id.*, and after acceptance and sentencing it is considered a conviction for the purposes of state habitual criminal statutes.

The government takes the position that the nolo plea followed by the suspended sentence constituted a conviction in the context of the federal firearms statute. If it is ruled to be a conviction, the defendant may be tried and convicted under 18 U.S.C. § 922(a)(6) (1970) on the charge of making a false statement in acquiring a firearm, because he answered "no" to the question on the Treasury form:

> Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?

Also, if the nolo plea is regarded as a conviction, it means that the defendant can be tried pursuant to 18 U.S.C. § 922(h) (1970) for receipt of a firearm by one who has been convicted of a crime punishable by imprisonment for a term exceeding one year.

The statute gives no definition. However, the Supreme Court in *Barrett v. United States*, 423 U.S. 212, 216, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976) has interpreted it and in doing so looked at the language and the structure of § 922(h) plus the manifest purpose of Congress. The Court did not view state statutes. The Supreme Court found no ambiguity in the language and, therefore, it refused to indulge in "uneasy statutory construction." *Id.*

The holding was that the interstate shipment could have occurred anywhere along the distribution chain from manufacturer to retailer, and consequently the statute applied to a convicted felon who purchased a

firearm intrastate from a retailer. *Id.* at 218, 220–21, 96 S.Ct. 498.[1]

Since it found no ambiguity in the statute, the Court said that there was no reason to resort to the rule of lenity. *Id.* at 217–18, 96 S.Ct. 498. This is a rule of federal criminal law which declares that doubt as to congressional intent is to be resolved in favor of lenity for the accused. *Bell v. United States,* 349 U.S. 81, 83, 75 S.Ct. 620, 99 L.Ed. 905 (1955). The Court also took notice of the procedural doctrine that criminal statutes are to be strictly construed against the government, but are not to be construed with a degree of strictness which defeats the obvious intent of the Congress. *Barrett v. United States,* 423 U.S. 212, 218, 96 S.Ct. 498 (1976).

There is no evidence that Congress intended to make a distinction between an acceptance of a nolo contendere plea and a guilty plea. In this regard the important similarity is that the accused can be sentenced on a nolo contendere plea to the same extent that he can be sentenced on a guilty plea.

Our court has said that the word "convicted" is to be given a "nonrestrictive interpretation" if the intent of Congress to limit firearms acquisition issued under 18 U.S.C. § 922(a)(6) (1970) is to be effected. *United States v. Place,* 561 F.2d 213, 215 (10th Cir.), *cert. denied,* 434 U.S. 1000, 98 S.Ct. 643, 54 L.Ed.2d 496 (1977). "Once guilt has been established, by plea or verdict, and naught but sentencing remains, a defendant has been 'convicted.'" *Id.* at 215.

This court in *Place,* it must be noted, held that a defendant stood convicted of a crime punishable by imprisonment for more than one year where such a sentence could have been imposed, even though the judge decided to impose a lighter sentence in a particular case. It is said that a nonrestrictive interpretation must be given if the intent of Congress to limit firearms acquisition under 18 U.S.C. § 922(a)(6) (1970) is to be effected. *United States v. Place, supra,* at 215.

A federal statute's meaning is to be determined in accordance with federal law, and the "degree to which a federal statute incorporates or refers to state law is a question of federal statutory construction." *United States v. Pricepaul,* 540 F.2d 417, 424 (9th Cir. 1976). Also, in deciding whether a prior state conviction under 18 U.S.C. § 922(a)(6) and 18 U.S.C.App. § 1202(a) was constitutionally valid, federal constitutional standards rather than the stricter state standards were applied. *Id.* Construction of what constitutes a conviction that is admissible for impeaching a witness in a federal criminal case is not to be determined by the statutes or the decisional law of the forum state. *United States v. Turner,* 497 F.2d 406, 407 (10th Cir. 1974), *cert. denied,* 423 U.S. 848, 96 S.Ct. 90, 46 L.Ed.2d 71 (1975).

The Fifth Circuit in a per curiam opinion rejected the notion that a plea of nolo contendere constitutes a prior conviction. *United States v. Dotson,* 555 F.2d 134 (5th Cir. 1977). It, however, emphasized what was said in *Lott v. United States,* 367 U.S.

1. The Supreme Court did look to congressional purpose in determining that the sweep of the Act reached the felon who purchased a firearm from a retailer. On this it said:

The very structure of the Gun Control Act demonstrates that Congress did not intend merely to restrict interstate sales but sought broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous. . . . The history of the 1968 Act reflects a similar concern with keeping firearms out of the hands of categories of potentially irresponsible persons, including convicted felons. Its broadly stated principal purpose was "to make it possible to keep firearms out of the hands of

those not legally entitled to possess them because of age, criminal background, or incompetency." S.Rep.No.1501, 90th Cong., 2d Sess., 22 (1968). See also 114 Cong.Rec. 13219 (1968) (remarks by Sen. Tydings); *Huddleston v. United States,* 415 U.S., at 824–825 [94 S.Ct., 1268–1269, 39 L.Ed.2d 782]. Congressman Celler, the House Manager, expressed the same concern: "This bill seeks to maximize the possibility of keeping firearms out of the hands of such person." 114 Cong.Rec. 21784 (1968); *Huddleston v. United States,* 415 U.S., at 828 [94 S.Ct. at 1270].

*Id.* at 218, 220–21, 96 S.Ct. at 502–03.

421, 427, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961), about a final adjudication of guilt being withheld and not being made. All that the Supreme Court held in *Lott*, however, was that after a nolo contendere plea the judgment constitutes the determination of guilt for purposes of the running of time to make the appeal. Four Justices thought that the plea was itself a judgment for the purpose involved.

The problem of imposition of judgment is not present here. We have also held that a suspended sentence after a plea of guilty is a prior conviction under 18 U.S.C. § 922(a)(6). *United States v. Beebe*, 467 F.2d 222, 224 (10th Cir. 1972).

The expungement of the Colorado record by court order after the indictment here in question has not heretofore undermined the sufficiency of the prior conviction. Although all of the cases appear to follow this ruling, our court will no longer follow this line, so if a conviction is expunged by the state, that will nullify the federal prosecution. But this is not the only complication. There will be nothing but confusion in prosecuting offenses arising under this statute in the Tenth Circuit because of the differing rules in different states and the several rules that obtain within some jurisdictions, depending upon the circumstances. Thus there is often one rule for discrediting a witness, another rule applicable to revocation of a license. *United States v. Potts*, 528 F.2d 883 (9th Cir. 1975); *United States v. Andrino*, 497 F.2d 1103 (9th Cir.), *cert. denied*, 419 U.S. 1048, 95 S.Ct. 621, 42 L.Ed.2d 642 (1974); *cf. United States v. Vice*, 562 F.2d 1004 (5th Cir. 1977); *Cassity v. United States*, 521 F.2d 1320 (6th Cir. 1975); *United States v. Williams*, 484 F.2d 428 (8th Cir. 1973); *United States v. Liles*, 432 F.2d 18 (9th Cir. 1970).

Finally, it is pertinent to mention that the admissibility of evidence in a federal criminal action is controlled by federal rather than state law. *United States v. Turner, supra; United States v. Woodall*, 438 F.2d 1317 (5th Cir. 1970), *cert. denied*, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971).

It is to be concluded that federal law governs and that the plea in question is a conviction under federal law.