**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES E. SUTTON,

Defendant-Appellant.

No. 96-5189
(D.C. No. 96-CR-16-H)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **LOGAN**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant James E. Sutton appeals following his conviction by a jury on one count of submitting false documents to the Internal Revenue Service in violation of 18 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 1001. The false documentation purported to substantiate defendant's tax basis in his residence[1] for purposes of net operating loss carry forward deductions on income tax returns. His 1990 and 1991 income tax returns, filed jointly with his spouse, claimed net operating loss carryover deductions from that loss. During an audit, defendant submitted false documentation that represented the tax basis in the residence as approximately $201,000, rather than $155,000. Appellant's Br. at 12 (referencing that defendant admitted documents were falsified). On appeal defendant raises three alleged district court errors.

Defendant first argues that the district court abused its discretion in excluding expert testimony. Defendant attempted to present testimony from a tax expert explaining an alternative tax basis computation for the residence. The expert would have testified that, despite the discrepancy in documentation provided in response to the audit, defendant correctly reported his tax liability in 1990 and 1991 because he made improvements that increased the residence's value. The district court excluded this evidence, finding that computations of an alternative tax basis were not relevant to the 18 U.S.C. § 1001 charge that defendant made false representations during his audit.

The government need not prove pecuniary loss to establish a § 1001 violation, United States v. Gilliland, 312 U.S. 86, 93 (1941) (explaining amendments to § 1001 that broadened its application); rather, the gravamen of a § 1001 prosecution is false

---

[1] Defendant's personal residence was destroyed by a fire in 1989.

2

documentation. Thus, it would be of no consequence if defendant were to establish the accuracy of the tax liability in his 1990 and 1991 tax returns using different documentation than originally submitted in the audit. Defendant's proffered expert testimony explaining an alternate method of establishing the tax basis in his property was irrelevant.

Defendant next argues that the district court abused its discretion by admitting certain impeachment evidence. The district court permitted two individuals to testify about the approximate cost of remodeling or other improvements they performed on defendant's residence. The district court allowed the government to impeach one of those defense witnesses, Ernie Hallmark, with evidence that he had pleaded guilty to conspiracy to commit grand larceny, a felony.

Federal Rule of Evidence 609 generally permits use of prior felony convictions to impeach a witness but contains an exception as follows:

> **(c) Effect of pardon, annulment, or certificate of rehabilitation.**
> Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

Fed. R. Evid. 609(c).

The Oklahoma state court imposed a deferred sentence on Hallmark that defendant claims was expunged after Hallmark completed that sentence. Defendant asserts that under Oklahoma law this is not treated as a conviction and should be subject to the exclusion of Rule 609(c). We held in United States v. Turner, 497 F.2d 406, 407 (10th Cir. 1974), that a guilty plea on Oklahoma state charges is treated as a conviction even if it results in a deferred sentence. Defendant argues that Turner does not control because it was decided before the evidence rules became effective on January 2, 1975. Although Turner predated the effective date of the rules, it was decided eighteen months after the Supreme Court promulgated the rules, pending express congressional approval. See 1974 U.S.C.C.A.N. 7051, 7052 (1974) (legislative history explaining Supreme Court promulgation, with July 1, 1973 effective date, and congressional action deferring that effective date until full approval by Congress); Pub. L. No. 93-595, 1974 U.S.C.C.A.N. (88 Stat. 1926) 2215. But even if Turner is not controlling and the district court erred in allowing the impeachment, the error was harmless because the witness' testimony was irrelevant to the controlling issue whether defendant submitted false documentation.

Finally, defendant argues that the district court erred in rejecting his proposed jury instructions. We review jury instructions to determine whether as a whole they correctly state the law and fairly cover the issues presented. United States v. Janus Industries, 48 F.3d 1548, 1559 (10th Cir. 1995). The proffered instructions would have allowed the jury to find for defendant if it concluded that defendant accurately reported his tax basis in the

4

destroyed residence.  A defendant is only entitled to instructions on a defense if there is sufficient evidence in the record for the jury to return a verdict on that basis.  United States v. Grissom, 44 F.3d 1507, 1512 (10th Cir. 1995).  We have already concluded that the district court correctly rejected testimony that would support this theory.  The district court did not err in also rejecting the related jury instructions.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge