Dear Senator Johnson,
¶ 0 This office has received your requests for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does 59 O.S. Supp. 2004, § 567.5(A)(2) allow the State Board of Nursing to permit an applicant to take the licensing examination, and if applicable requirements are met, to issue a license to an applicant who has received a deferred sentence on a plea of guilty?
 2. Does the mandate of 59 O.S. Supp. 2004, § 567.5(A)(2) that five years must have elapsed since the date of the completion of all requirements imposed on the applicant by the sentencing court before a license be issued, apply to an applicant who has received a deferred sentence?
¶ 1 Title 59 O.S. Supp. 2004, § 567.5[59-567.5] sets forth the requirements for licensing as a registered nurse. That statute contains a provision which requires submission of evidence to the Board of Nursing that the applicant:
 A. 2. Has never been convicted in this state, the United States or another state of any felony, unless five (5) years have elapsed since the date of the criminal conviction or the termination of any probation or other requirements imposed on the applicant by the sentencing court, whichever shall last occur, or a presidential or gubernatorial pardon for the criminal offense has been received, provided that the provisions of this paragraph shall not be effective until November 1, 2003[.]
Id.[1] You ask whether an applicant who pled guilty to a felony charge, received a deferred sentence, completed all the requirements imposed by the court and had his or her record expunged meets the requirements for licensing, or whether five years must elapse from the date of completion of the requirements set by the sentencing court for the applicant to be eligible for licensure.
¶ 2 Your questions relate to an applicant who pled guilty to a felony charge and received a deferred sentence. Under Oklahoma law, a deferred sentence[2] is governed by 22 O.S. Supp.2004, § 991c[22-991c]. Subsection A of Section 991c provides that:
 Upon a verdict or plea of guilty or upon a plea of nolo contendere, but before a judgment of guilt, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings upon the specific conditions prescribed by the court not to exceed a five-year period.
Id. Subsection C further provides that:
 Upon completion of the conditions of the deferred judgment, and upon a finding by the court that the conditions have been met and all fines, fees, and monetary assessments have been paid as ordered, the defendant shall be discharged without a court judgment of guilt, and the court shall order the verdict or plea of guilty or plea of nolo contendere to be expunged from the record and the charge shall be dismissed with prejudice to any further action.
Id. Pursuant to Section 991c(E), the court may enter a judgment of guilt only upon a finding of a violation of any condition of the deferred sentence, in which case the court may sentence the defendant under its general sentencing powers set forth at Section 991a.
¶ 3 In interpreting an earlier version of this statute, which contained basically the same language, the Oklahoma Court of Criminal Appeals held that a "`deferred sentence' is not a conviction until such time as the trial court pronounces judgment and sentence." Belle v. State, 516 P.2d 551, 552 (Okla.Crim. 1973). See also White v. State, 702 P.2d 1058, 1062 (Okla. Crim. 1985) ("A deferred sentence is not a conviction though it may be derived by way of a plea of guilty. . . ."). In Woolen v.Coffman, 676 P.2d 1375, 1378 (Okla.Crim. 1984), the court distinguished between one "convicted" and one "pleading guilty," noting that "convicted" refers to one who has been "formally pronounced guilty upon a verdict or plea of guilty," and one "pleading guilty" is one who is "entering a plea of guilty without judgment." The concept of "pleading guilty" embraces those receiving a deferred sentence, which is not a conviction until the court pronounces judgment and sentence. Id.; Belle,516 P.2d at 552. In a deferred sentence, if all the conditions are met at the end of the probation period, the conditional order will be withdrawn and there will be no conviction. Nguyen v.State, 772 P.2d 401, 403 (Okla.Crim. 1989), overruled onother grounds by Gonseth v. State, 871 P.2d 51, 54 (Okla. Crim. 1994) (holding that while a deferred sentence is not a conviction, it is a judgment and therefore constitutes a final appealable order).
¶ 4 The critical language of the section governing the licensing of registered nurses is that the statute applies when an applicant has been "convicted in this state, the United States or another state of any felony." 59 O.S. Supp. 2004, §567.5[59-567.5](A)(2) (emphasis added). This differs from other licensing statutes in which licenses may not be issued to those who have been "convicted of or pled guilty or nolo contendere to any felony" offense. 3A O.S. 2001, § 404[3A-404](D) (emphasis added); seeid. § 404(C) (a license shall not be issued under the Oklahoma Charity Games Act to any person or "to any organization if an officer thereof has been convicted of or pled guilty or nolocontendere to any felony, or a misdemeanor related to gambling or gaming, pursuant to the laws of the United States, the District of Columbia or any state or territory of the United States") (emphasis added); 37 O.S. 2001, § 538[37-538](E) (the court may order the Department of Public Safety to cancel or deny a driver's license to a person who "is convicted or pleads guiltyto a violation of the provisions of this subsection," making it a crime for a "person under twenty-one (21) years of age who shall misrepresent his age in writing or by presenting false documentation of age for the purpose of inducing any person to sell or serve him alcoholic beverage[s]") (emphasis added); 36O.S. Supp. 2004, § 1450[36-1450](E) ("administrator's license shall be issued or renewed by the [Insurance] Commissioner unless," applicant "has been convicted or has pleaded guilty or nolocontendere to any felony or to a misdemeanor involving moral turpitude or dishonesty") (emphasis added); 59 O.S. 2001, §1315[59-1315](A)(1) (persons shall not be bail bondsmen if they have been" convicted of, or . . . have pled guilty or nolo contendereto, a felony or a misdemeanor involving dishonesty or moral turpitude") (emphasis added); 59 O.S. Supp. 2004, § 161.7[59-161.7](D) (an applicant for a license as a chiropractor "shall provide full disclosure to the Board of any disciplinary action taken against the applicant in any state pursuant to licensure and/or criminal proceedings including, but not limited to, pleading guilty ornolo contendere to, or being convicted of, a felony, a misdemeanor involving moral turpitude, or a violation of federal or state controlled dangerous substance laws") (emphasis added).
¶ 5 In some situations, the Legislature has specifically defined the term "convicted" to include deferred judgments. See20 O.S. Supp. 2004, § 1313.3[20-1313.3](B)(1) ("convicted," as used in the statute providing for fingerprinting fees, means "any final adjudication of guilt, whether pursuant to a plea of guilty or nolo contendere or otherwise, and any deferred judgment or suspended sentence"); 28 O.S. Supp. 2004, § 153[28-153](G)[3] (as used in the section regarding collection of costs in criminal cases, "convicted" was defined to mean "any final adjudication of guilt, whether pursuant to a plea of guilty or nolo contendere or otherwise, and any deferred judgment or suspended sentence"); 29O.S. 2001, § 4-101[29-4-101](F)(2) (statute governing licenses issued by the Director of Wildlife Conservation provides that "a court conviction, a plea of guilty, a plea of nolo contendere, the imposition of a deferred or suspended sentence by a court, or forfeiture of bond shall be deemed a conviction"); 63 O.S. 2001,§ 2-410[63-2-410] ("any such plea of guilty or finding of guilt shall constitute a conviction of the offense for the purpose of [the Uniform Controlled Dangerous Substances Act] or any othercriminal statute under which the existence of a prior conviction is relevant") (emphasis added).
¶ 6 No such definition exists, however, in the statutes governing licensure for the practice of nursing. If the Legislature had intended for deferred sentences to be included as convictions for purposes of 59 O.S. Supp. 2004, § 567.5[59-567.5](A)(2), it could have defined convictions as such for the purpose of that statute. The Legislature's decision not to do so is indicative of its intent that "convicted," as the term is used in Section 567.5(A)(2), does not include a deferred sentence. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." EthicsComm'n v. Keating, 958 P.2d 1250, 1256 (Okla. 1998). Thus, one who receives a deferred sentence does not fall within the terms of those prohibited from being licensed under the statute.
¶ 7 The language in Section 567.5(A)(2) which references "the termination of any probation or other requirements imposed on the applicant by the sentencing court," when read in context, does not render the statute applicable to an applicant who has received a deferred sentence. That portion of the statute must be read in light of the entire statute which applies to one who has been convicted. Furthermore, that portion of the statute references requirements imposed "by the sentencing court." Id.
As the court has not pronounced judgment and sentence on one who has received a deferred sentence, there are no "requirements imposed on the applicant by the sentencing court." Id.
¶ 8 "In interpreting a statute, the legislative act, which is to be considered in its entirety, must be construed to be reasonable and consistent as a whole." Anderson v. Eichner,890 P.2d 1329, 1337-38 (Okla. 1994) (footnote omitted). The reference to "termination of any probation or other requirements imposed on the applicant by the sentencing court" modifies the earlier language "[h]as never been convicted in this state, the United States or another state of any felony." 59 O.S. Supp.2004, § 567.5[59-567.5](A)(2). The language becomes applicable when one is convicted and receives a suspended sentence. A suspended sentence, governed by 22 O.S. Supp. 2004, § 991a[22-991a](A)(1), is one in which a defendant is convicted of a crime, but the execution of the sentence is suspended, with or without probation. InBurnham v. State, 43 P.3d 387, 389 n. 2 (Okla.Crim. 2002), the court explained that when the execution of a sentence is suspended, "[t]he judgment itself is not impaired or limited."Id. While under a suspended sentence, a convicted person is not freed from the legal consequences of his guilt. "He is merely enjoying a conditional favor, postponing his punishment, which may be withdrawn." Id. Thus, an applicant who has been convicted and received a suspended sentence is not eligible to become licensed as a nurse until five years has elapsed since the "termination of any probation or other requirements imposed on the applicant by the sentencing court." 59 O.S. Supp. 2004, §567.5[59-567.5](A)(2).
¶ 9 In the question you pose, there has been no felony conviction, and regardless of whether there has been an expungement or whether five years have elapsed since the termination of probation or since the requirements imposed by the sentencing court have been completed, an applicant who has entered a plea of guilty and received a deferred sentence is not prohibited from becoming licensed as a registered nurse under Oklahoma law. The Oklahoma Board of Nursing may not refuse to issue a license to an otherwise qualified applicant who has pled guilty and received a deferred sentence.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. To be licensed as a registered nurse, an application must show that he or she "[h]as never been convicted in this state, the United States or another state of any felony, unless five (5) years have elapsed since the date of the criminal conviction or the termination of any probation or other requirements imposed on the applicant by the sentencing court, whichever shall last occur, or a presidential or gubernatorial pardon for the criminal offense has been received, provided that the provisions of this paragraph shall not be effective until November 1, 2003[.]" 59 O.S. Supp. 2004, § 567.5(A)(2); see id. § 567.5(A)(3).
 2. A deferred sentence imposed pursuant to 22 O.S. Supp. 2004, § 991c, does not constitute a conviction, Belle v. State, 516 P.2d 551, 552 (Okla.Crim. 1973), and the requirements of 59 O.S. Supp. 2004, § 567.5(A)(2) do not apply to an applicant who has entered a plea of guilty and received a deferred sentence.
 3. The language of 59 O.S. Supp. 2004, § 567.5(A)(2) which references "the termination of any probation or other requirements imposed on the applicant by the sentencing court," when read in light of the statute as a whole, applies when an applicant has been convicted and sentence pronounced by a sentencing court. See Belle, 516 P.2d at 552. It does not apply to one who has received a deferred sentence.
 4. An applicant who has received a suspended sentence for a felony conviction pursuant to 22 O.S. Supp. 2004, § 991ahas been convicted and sentenced, and may not be licensed as a registered nurse unless five years have elapsed since completion of any probation or other requirements imposed on the applicant by the sentencing court, whichever shall last occur, or a presidential or gubernatorial pardon for the criminal offense has been received. 59 O.S. Supp. 2004, § 567.5(A)(2).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 SANDRA D. RINEHART Senior Assistant Attorney General
[1] The same requirements apply to a licensed practical nurse.59 O.S. Supp. 2004, § 567.6[59-567.6](A)(3).
[2] The terms "deferred sentence" and "deferred judgment" are used interchangeably in the Oklahoma statutes.
[3] There were several amendments to 28 O.S. Supp. 2003, §153[28-153] in the 49 th Legislature, First Extraordinary Session, 2004. Note, we are quoting 2004 Okla. Sess. Laws. ch. 451, § 1(G), effective date November 1, 2004, which was the last amendment for 2004. Whether the language is in subsection "G" or "H" depends on which amendment is quoted.