Hamon SHAW, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 50662, 50663.

Court of Criminal Appeals of Texas.

Dec. 17, 1975.

Rehearing Denied Jan. 21, 1976.

David F. Farris, Court appointed on appeal, Fort Worth, for appellant.

Tim Curry, Dist. Atty., William Cary Quillin, Roger W. Crampton, James G. Bennett and Jack V. Strickland, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

DAVIS, Commissioner.

Appeals are taken from convictions for murder in Causes 50,662 and 50,663, tried together by agreement of appellant. Punishment was enhanced in each cause under V.T.C.A. Penal Code, Sec. 12.42(c),[1] and the jury in each case assessed punishment at life.

The indictment in Cause No. 50,662 alleges that appellant "on or about the 26th day of September 1974 did then and there intentionally and knowingly cause the death of an individual, Christine Marie Shaw, by shooting her with a gun." Appellant waived indictment in Cause No. 50,663 and the information in such cause charges appellant with the murder of Lynna Kay Johnson on or about September 26, 1974. The record reflects that the two victims were each shot three times at appellant's home with a .32 caliber gun on September 26, 1974. Appellant did not testify nor did he offer any evidence at either the punishment or guilt stage of the trial. The sufficiency of the evidence to support the convictions is not challenged.

Appellant contends the court erred in admitting evidence of extraneous matters over appellant's objection.

The record reflects that the victim Shaw's nine-year-old son, John Wesley Owensby, testified over appellant's objection to mistreatment of his mother by appellant. The young witness testified:

"Sometimes he would hit her.

\*   \*   \*   \*   \*   \*

"He threatened her with his fist.

\*   \*   \*   \*   \*   \*

"One time he was shooting at my mom."

V.T.C.A. Penal Code, Sec. 19.06 provides: "In all prosecutions for murder or voluntary manslaughter, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense. Amended by Acts 1973, 63rd Leg., p. 1123, ch. 426, art. 2, § 1, eff. Jan. 1, 1974."

We find that the complained-of testimony was admissible to show the condition of the mind of the accused at the time of the offense. See 2 Branch's Ann.P.C., Sec. 2057 for numerous cases holding that such evidence is admissible to show the state of

---

1. V.T.C.A. Penal Code, Sec. 12.42(c) provides:

"If it be shown on the trial of a first-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years."

mind at the time of the offense and to establish a motive for its commission.

■ Appellant contends the waiver of indictment in Cause No. 50,663 is insufficient.

The waiver of indictment in said cause, omitting the formal parts, reads:

"Comes now the Defendant in the above styled and numbered cause, with his attorney, the Honorable Harry Williams, and, in open Court, having assured the Court that he has consulted with his attorney and has been fully advised of his rights and of the nature of the charges against him in said cause, to-wit: *murder & rep.,* a felony less than capital, makes known to the Court his desire to waive his right to have said charges presented to a grand jury and to be tried in said cause upon an indictment and respectfully requests and consents that the trial may proceed upon an information.

/s/ Hamon Shaw Jr.
DEFENDANT

/s/ Harry L. Williams
ATTORNEY FOR DEFENDANT"
(emphasis supplied)

The record reflects that the court admonished appellant that he had a right to be tried under an indictment returned by a grand jury, but that he understood appellant wanted to waive indictment in this cause in order that he might be tried in both causes at the same time. The court questioned appellant as to whether he had discussed same with his attorney and was assured by appellant that he had and it was his desire to waive indictment. The record contains an order reflecting approval of the waiver by the court which recites that appellant "in open Court with his attorney, personally, knowingly, and voluntarily waives his right to be tried in this cause upon an indictment."

Appellant urges that the waiver does not clearly allege the offense against which the accused must defend himself in that it recites the nature of the charge as "murder & rep."

In *King v. State,* 473 S.W.2d 43, this Court said:

"An indictment is still mandatory in absence of a valid waiver. For the waiver to be effective it must be intelligently, voluntarily and knowingly given by the accused while represented by counsel."

The record reflects that an indictment had been returned on November 19, 1974, charging the instant offense, but, due to the misspelling of the name of the victim, the district attorney was seeking another indictment. In the court's questioning of appellant regarding the waiver, it appears that appellant's reason for desiring the waiver of indictment was that he was in jail and did not want to suffer any delay in going to trial in either case. No objection was voiced by appellant when the information was read at the guilt or at the punishment stage of the trial when he entered a plea of true to the paragraph of the information alleging a prior felony conviction.

While we cannot condone the use of an abbreviated word in describing the offense pending against an accused in a waiver of indictment, the circumstances of this case dictate the waiver of indictment by appellant was intelligently, voluntarily and knowingly given by appellant while he was represented by counsel and that the court's findings are supported by the evidence.

Appellant contends the court erred in using the same prior felony conviction to enhance punishment in each cause.

■ The State recognizes that the general rule is that the same conviction cannot be twice used to enhance punishment. See *Gooden v. State,* 140 Tex.Cr.R. 351, 145 S.W.2d 179. The State suggests, however, that a different rule should apply where two causes are tried together. This Court, in the recent cases of *Carvajal v. State,* 529 S.W.2d 517 (1975), where two causes were tried together, held it was improper to use the same two prior felony convictions to enhance punishment under V.T.C.A. Penal Code, Sec. 12.42(d). We perceive no reason

for a different rule where punishment is enhanced by one prior felony conviction under Sec. 12.42(c), supra. In *Carvajal,* this Court rejected an argument that the rule prohibiting the use of the same conviction to twice enhance punishment was not applicable under the new Penal Code. We cannot agree with the State's suggestion that the failure of appellant to object waived such infirmity, nor can we agree that the error is not prejudicial in view of the fact that the record reflects that appellant had been previously convicted of a felony in Michigan and that a retrial "would result in a mere substitution" of the Michigan conviction.

The prior conviction was properly used to enhance punishment in Cause No. 50,662, but the same conviction should not have been used to enhance punishment in Cause No. 50,663.

Counsel for appellant calls our attention to a pro se objection voiced by appellant at sentencing which would appear to be in the nature of a complaint of ineffective representation by counsel in the trial court. The record clearly refutes such complaint.

The judgment in Cause No. 50,662 is affirmed.

The punishment in Cause No. 50,663 having been enhanced by the same prior conviction used for enhancement in Cause No. 50,662, and set at life by the jury, requires that the judgment of conviction be reversed and the cause remanded in Cause No. 50,-663.

It is so ordered.

Opinion approved by the Court.