**Billy Richard ROLLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 51693, 51694.**

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

Charles Mays, Jr., Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., Marvin Collins, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are appeals from convictions for the offense of aggravated assault. The punishment enhanced by prior convictions is in each case imprisonment for 14 years.

The appellant complains that the evidence is not sufficient to sustain the conviction, that the court erroneously admitted evidence of extraneous offenses, and that the court failed to submit an instruction limiting the jury's consideration of the extraneous offenses.

The appellant hit Clarence Lee Miller on the shoulder with a handgun, and he hit and kicked Gregory Allen Rosen in the face and stomach. Miller's shoulder was broken; it required surgery and the insertion of a pin. Rosen suffered a broken nose and internal bleeding; he was in the hospital for 8 days. We find the evidence is sufficient to support the conviction; the court did not, as the appellant insists, err in failing to instruct the jury to find the appellant not guilty.

The appellant's complaint that the court admitted evidence of extraneous offenses is without merit. On direct examination the appellant was asked "if [he] ever—if [he] had any problems with the law in the past?" He answered that he had been granted probation for giving "hot checks" and that probation was later revoked because he could not make restitution. He also testi-

fied that as a result of an attack on some officers who had stopped him for a traffic offense he "got a probation and a $250 fine." The appellant then testified he had no other "problems—of a serious nature with the law" until this offense. Then without objection on cross-examination he testified that he had been "A.W.O.L. in the Navy;" that he had had a problem which resulted in convictions for passing "hot checks" and aggravated assault on a police officer.

Thereafter over objection the prosecutor was permitted to ask the appellant if about two months prior to the instant offense he had been charged with the commission of an aggravated assault in Dallas. The appellant had testified that he had not had any trouble with the law except in the matters to which he had previously testified. The trial court properly permitted this cross-examination of which complaint is made to rebut the appellant's blanket assertion that he had not had any other trouble with the law. See *Hoffman v. State*, 514 S.W.2d 248 (Tex.Cr.App.1974), and the cases there cited.

There was no request that the evidence of the extraneous offense be limited; therefore no error is shown. See Arts. 36.14 and 36.15, V.A.C.C.P.; *Turner v. State*, 497 S.W.2d 593 (Tex.Cr.App.1973).

There is another matter we must review under the provisions of Art. 40.09, Sec. 13, V.A.C.C.P., requiring that we review unassigned error which should be reviewed in the interest of justice. Both convictions here obtained were enhanced by the same prior felony conviction. It was held in *Shaw v. State*, 530 S.W.2d 838 (Tex. Cr.App.1975) that the same prior felony conviction could not be used to twice enhance punishment under the provisions of V.T.C.A. Penal Code, Sec. 12.42(c). See also *Carvajal v. State*, 529 S.W.2d 517 (Tex.Cr. App.1975) holding that the same prior convictions cannot be used twice to enhance punishment under the provisions of V.T. C.A. Penal Code, Sec. 12.42(d).

The judgment in Cause Number 51,693 is affirmed.

Since the punishment in Cause Number 51,693 was enhanced by the same prior conviction used for enhancement in Cause Number 51,694 and the punishment assessed by a jury was 14 years, the judgment in Cause Number 51,694 is reversed and the cause is remanded.

Opinion approved by the Court.