Homer Wayne **MISENHIMER**, Appellant,

v.

The **STATE** of Texas, Appellee.

**Nos. 57120 and 57121.**

Court of Criminal Appeals of Texas.

En Banc.

Jan. 11, 1978.

---

Elaine Brady, court appointed on appeal only, Houston, for appellant.

## OPINION

ROBERTS, Judge.

Appellant waived trial by jury and entered pleas of guilty before the court to two separate offenses of robbery. Punishment in each case, enhanced pursuant to V.T.C.A., Penal Code, Sec. 12.42(b), was assessed at thirty (30) years' confinement.

 Appellant's court-appointed counsel has filed briefs in which she has concluded that these appeals are wholly frivolous and without merit. The briefs meet the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in that they contain a professional evaluation of the records demonstrating why, in effect, there are no arguable grounds to be advanced. See *Gainous v. State,* 436 S.W.2d 137 (Tex.Cr.App.1969); *Jackson v. State,* 485 S.W.2d 553 (Tex.Cr.App.1972); *Currie v. State,* 516 S.W.2d 684 (Tex.Cr.App.1974). A copy of counsel's briefs and the appellate records have been delivered to appellant and appellant has been advised of his right to file pro se briefs. No pro se briefs have been filed.

The records reflect that appellant was duly admonished of the consequences of his pleas pursuant to Art. 26.13, Vernon's Ann. C.C.P., and appellant made judicial confessions admitting his guilt in each case.

However, we have concluded that the records contain error which must be reviewed in the interest of justice under the provisions of Art. 40.09(13), Vernon's Ann.C.C.P. *Rollins v. State,* 542 S.W.2d 163, 164 (Tex. Cr.App.1976).

Both of appellant's convictions were enhanced by the same prior felony conviction—Cause Number 167886 in the 176th District Court of Harris County. We have held that the same prior felony conviction may not twice be used for enhancement under V.T.C.A., Penal Code, Sec. 12.42, except where it is first used under Sec. 12.-42(a), (b), or (c), and then later used under Sec. 12.42(d) to fix the accused's status as an habitual criminal. *Ex Parte White,* 538 S.W.2d 417, 418 (Tex.Cr.App.1976).

Since both of appellant's convictions were enhanced under Sec. 12.42(b), and both by the same prior conviction, it is clear that the punishment in one of these cases was excessive. *Ex Parte White,* supra.

However, we have carefully reviewed the records and counsel's briefs in these cases and agree that—with the exception of the error mentioned—the appeals are wholly frivolous and without merit.

Accordingly, the judgment in Cause Number 57,120 is affirmed.

Since punishment was assessed by the trial court, the judgment as to guilt in Cause Number 57,121 is also affirmed, but the cause is remanded for a proper assessment of punishment.

It is so ordered.