**Ex parte Robert Earl WILLIAMS.**

**No. 58645.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

The petitioner was convicted of the offenses of burglary of a vehicle in Trial Cause Nos. F 76,8466 HPH and F 76–8467 HPH upon his pleas of guilty. Punishment in each case was enhanced pursuant to V.T.C.A., Penal Code, Section 12.42(a) and assessed by the court at 15 years' imprisonment.

The petitioner contends that the trial court erred in using the same prior felony conviction to enhance punishment in each case and for these reasons he alleges both convictions are void. The record reflects that each conviction was enhanced with a prior conviction for aggravated assault, Trial Cause No. C–74–6911–IL, committed on August 27, 1974.

It is well established that the same prior conviction cannot be used twice to enhance punishment. *Gooden v. State*, 140 Tex. Cr.R. 351, 145 S.W.2d 179; *Shaw v. State*, Tex.Cr.App., 530 S.W.2d 838. This same rule applies when two cases are tried together. *Shaw v. State*, supra.

The prior conviction was properly used to enhance punishment in Trial Cause No. F 76–8466 HPH, but the same conviction should not have been used to enhance punishment in Trial Cause No. F 76–8467 HPH. The latter cause must be remanded for proper assessment of punishment under V.T.C.A., Penal Code, Section 12.34. See *Carvajal v. State*, 529 S.W.2d 517.

The relief prayed for in Trial Cause No. F. 76–8466 HPH is denied.

The punishment in Trial Cause No. F 76–8467 HPH having been assessed by the trial court, the judgment of conviction is upheld and the cause is remanded for assessment of punishment in compliance with our holding herein; and, to this extent, the relief prayed for in Trial Cause No. F 76–8467 HPH is granted.

It is so ordered.