Roy SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 56847, 56848.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 10, 1980.

Allen C. Isbell, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann and Bob Burdette, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ODOM and DALLY, JJ.

OPINION

DOUGLAS, Judge.

These are appeals from two convictions for aggravated robbery. The court assessed punishment in each case at life.

This is the second time these cases have been before this Court. They were originally submitted along with a third conviction for unauthorized use of a motor vehicle. None of the appeals on the first submission contained a brief on behalf of Sanchez. Article 40.09, Section 9, V.A.C.C.P. The appeal on the unauthorized use of a motor vehicle case was abated while the two appeals on the aggravated robbery cases were dismissed because of the lack of a voluntary waiver of the ten days to file a motion for new trial. Article 42.03, V.A.C.C.P. Sanchez was re-sentenced on August 16, 1979. On September 19, 1979, Sanchez petitioned this Court to dismiss his appeal in the unauthorized use of a motor vehicle case. That motion was granted.

Sanchez now claims that he was improperly admonished as to the range of punishment applicable to each crime. Each of the three indictments contained an enhancement allegation, charging the same prior conviction, a 1969 felony theft case. Thus, Sanchez was admonished that the range of punishment on the aggravated robbery cases was fifteen years to life and on the motor vehicle case, two years to twenty years. See V.T.C.A., Penal Code, Section 12.42.

Sanchez contends that because, at that time, a prior conviction could only be used once for enhancement under both Section 12.42(d) and Section 12.42(c), see *Shaw v. State*, 530 S.W.2d 838 (Tex.Cr.App.1975), the minimum range was incorrect. The State concedes this point. See and compare V.T.C.A., Penal Code, Section 12.46.

Since our holding in *Tellez v. State*, 522 S.W.2d 500 (Tex.Cr.App.1975), we have held that an appellant must show that he was harmed or misled by an improper admonishment. See also *Ex parte Beiersdorf*, 532 S.W.2d 632 (Tex.Cr.App.1976). The court assessed Sanchez' punishment at life in the aggravated robbery cases and at ten years on the motor vehicle case. These sentences were within the proper range for each offense. The error was harmless.

Sanchez also argues that the trial court committed reversible error in enhancing the punishment. We agree that the sentence is improper but reversal is not called for. See Article 44.24, V.A.C.C.P. The indictment charging unauthorized use of a motor vehicle has the lowest cause number; therefore, we must presume on appeal, absent contrary evidence in the record, that this judgment was entered first. It utilized the prior conviction. See *Ex parte Calderon*, 508 S.W.2d 360 (Tex.Cr. App.1974).

Since the judgments in the causes numbered 56,847 and 56,848 should not have been enhanced, the causes should be remanded for the proper assessment of punishment.

It is so ordered.