**Ex parte Ray Leroy MULCHAHEY,
Appellant.**

No. 67278.

Court of Criminal Appeals of Texas,
En Banc.

April 1, 1981.

On Rehearing Sept. 23, 1981.

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

---

## OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus pursuant to Art. 11.-07, V.A.C.C.P.

The record reflects that on September 12, 1975, petitioner was convicted under a five count indictment for five separate theft offenses. Each offense was for taking property valued at more than $200.00, but less than $10,000.00. After the jury found petitioner guilty, the court assessed punishment, enhanced by the prior convictions, at life in each of the five convictions. Those convictions were affirmed by this Court. See *Mulchahey v. State*, Tex.Cr.App., 574 S.W.2d 112. The contentions now raised by petitioner were not raised in the direct appeal of his convictions.

Petitioner now challenges the validity of the prior convictions used to enhance his punishment in each of his five present convictions. Each count of the five count indictment alleged the same two prior convictions for enhancement purposes.

The second enhancement paragraph under each count alleged that petitioner had previously been convicted of the felony offense of theft by bailee of property of the value of fifty dollars and over on March 15, 1968. Petitioner now contends that his theft by bailee conviction is invalid because he was not represented by counsel at the time of sentencing in that cause.

The record contains the judgment from petitioner's theft by bailee conviction which recites that petitioner "appeared in person, his counsel also being present." The sentence was entered on the same day as the judgment and is silent with respect to representation by counsel at the time of sentencing. Further, the court's docket sheet reflects that petitioner was represented by counsel at the time he was convicted and sentenced on March 15, 1968. Finally, petitioner entered a plea of guilty to the charge of theft by bailee.

We have previously held that records from a prior conviction can establish a presumption of regularity with respect to representation by counsel at the time of the prior conviction. *Maddox v. State*, Tex.Cr. App., 591 S.W.2d 898; *Ex Parte Reed*, Tex. Cr.App., 610 S.W.2d 495. In *Gutierrez v. State*, Tex.Cr.App., 456 S.W.2d 84, the Court stated:

"The recitation in the judgments that appellant was represented by counsel is binding upon him in the absence of direct proof to the contrary. It would be unlikely for appellant to have had counsel at the time of the judgment and not at the time of the sentence when both were on the same day after a plea of guilty had been entered and the time allowed for filing a motion for new trial waived. In such cases the trial is usually in one proceeding.

"Under such facts, absent a showing to the contrary, it will be presumed that appellant had counsel when he was sentenced." Id. at 85 and 86.

See *Tinsley v. State*, Tex.Cr.App., 461 S.W.2d 605.

■ In the instant cause, petitioner has made no attempt to show that he was without counsel at the time of sentencing in his prior theft by bailee conviction. He merely makes such an allegation in his application. We conclude that the record does not support his contention and that the prior theft by bailee conviction was available for enhancement of punishment.

However, in the interest of justice, we note that the State erroneously made multiple use of the prior theft conviction for enhancement purposes. As stated above, the State alleged petitioner's prior theft by bailee conviction for enhancement purposes in each of the five counts.

■ At the time of the instant prosecutions, the same prior conviction could not be used to enhance a defendant's punishment to life as a habitual criminal in two separate cases.[1] *Ex Parte Montgomery*, Tex.Cr. App., 571 S.W.2d 182. The same rule applied when the separate cases were tried in the same proceeding. *Ex Parte Williams*, Tex.Cr.App., 571 S.W.2d 26; *Shaw v. State*, Tex.Cr.App., 530 S.W.2d 838.

We conclude that petitioner's theft by bailee conviction was unavailable for enhancement purposes for the second through fifth counts of the indictment. This error relates only to punishment. The jury was discharged after finding petitioner guilty of the five theft offenses and the punishment phase was tried before the court. Therefore, it is necessary to remand this cause for a proper assessment of punishment by the court.

The first enhancement paragraph under each count alleged that petitioner had previously been convicted of the federal criminal offense of a felon receiving a firearm

which had been shipped and transported in interstate commerce. 18 U.S.C. Sec. 922(h)(1). Petitioner now contends that the federal conviction was unavailable for enhancement purposes because the federal offense under Sec. 922(h)(1), supra, does not constitute a felony under our Penal Code.

The conduct proscribed by Sec. 922(h)(1), supra, is as follows:

"(h) It shall be unlawful for any person—
(i) ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ... to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

In *Montgomery v. State*, Tex.Cr.App., 571 S.W.2d 18, the petitioner challenged the use of a prior federal conviction which had been alleged and successfully used for enhancement. With regard to the availability of a federal conviction for enhancement use, the Court stated:

"It has long been the rule that a prior federal conviction used for enhancement of punishment, although clearly a felony under federal law, must also be an offense which is denounced by the laws of Texas as a felony. *Ex parte Smith*, 548 S.W.2d 410 (Tex.Cr.App.1977); *Ex parte Scafe*, 334 S.W.2d 170 (Tex.Cr.App.1960); *Ex parte Puckett*, 165 Tex.Cr.R. 605, 310 S.W.2d 117 (1958); *Clark v. State*, 154 Tex.Cr.R. 581, 230 S.W.2d 234 (1950). Therefore, we must look to the conduct which formed the basis of appellant's federal conviction to see if like conduct would constitute a felony offense denounced by the laws of Texas." Id. at 19.

■ The State concedes and we agree that a violation of Sec. 922(h)(1), supra, does not constitute the offense of unlawful possession of a firearm by a felon as proscribed by V.T.C.A. Penal Code, Sec. 46.05(a), in the following manner:

"A person who has been convicted of a felony involving an act of violence or threatened violence to a person or proper-

---

1. On June 7, 1979, V.T.C.A. Penal Code, Sec. 12.46, became effective and provides as follows:

"The use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes."

ty commits an offense if he possesses a firearm away from the premises where he lives."

A review of the two statutes reveals that the Texas statute requires the felon to have been convicted of a felony "involving an act of violence or threatening violence to a person or property." *Tew v. State*, Tex.Cr. App., 551 S.W.2d 375. The federal statute merely speaks in terms of a prior felony punishable by imprisonment for a term exceeding one year. See *United States v. Brzoticky*, 588 F.2d 773 (10th Cir. 1978) (prior larceny of automobile conviction); *United States v. Place*, 561 F.2d 213 (10th Cir. 1977) (prior grand theft conviction). Moreover, the Texas statute permits a felon to possess a firearm in his home, while the purpose of the federal statute is to prohibit a felon to receive at any place, a firearm which has been shipped or transported in interstate or foreign commerce. *United States v. Haddad*, 558 F.2d 968 (9th Cir. 1977).

■ The State nevertheless contends that petitioner's federal offense was for conduct prohibited by Sec. 46.08, supra, which provides:

"A resident of this state may, if not otherwise precluded by law, purchase firearms, ammunition, reloading components, or firearm accessories in contiguous states. This authorization is enacted in conformance with Section 922(b)(3)(A), Public Law 90–618, 90th Congress."

The practice commentary to that section states as follows:

"Section 46.08 preserves Penal Code art. 489d, which was enacted in 1969 in order to implement Section 922(b)(3)(A) of the Federal Gun Control Act of 1968. Without this authorization, federal law would prevent Texans from purchasing firearms in neighboring states."

By its very terms, Sec. 46.08, supra, does not attempt to proscribe conduct. Rather,

it acts to authorize residents of this State to purchase firearms in adjoining states. We conclude that Sec. 46.08, supra, constitutes a grant of authority and is not an attempt to define as punishable, conduct which would be a criminal offense. See V.T.C.A. Penal Code, Sec. 1.03(a).

Finally, the State maintains that petitioner's federal conviction for making a false and fictitious written statement to a licensed dealer in firearms, in connection with the acquisition of a firearm could have been used for enhancement in his theft convictions. This is of course not the issue before this Court in that we are only concerned with the federal conviction which was actually alleged and successfully used.[2]

We find that petitioner's conduct as a felon in receiving a firearm through interstate commerce is not denounced by the laws of this State as a felony. Therefore, the prior federal conviction was erroneously used by the court to enhance petitioner's punishment in all five of his theft convictions.

The relief sought is granted in part. The cause is remanded for the court to reassess punishment in the conviction obtained under the first count within the range provided by Sec. 12.42(a), supra.[3] With regard to the four convictions obtained under the second through fifth counts of the indictment, the court is to reassess punishment in those convictions within the range provided by Sec. 12.34, supra.

It is so ordered.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

W. C. DAVIS, Judge.

In our opinion on original submission, this Court concluded that the petitioner's punishment for convictions for five separate

---

2. In any case, in *Montgomery v. State*, supra, it was held that such a federal conviction under 18 U.S.C. Sec. 922(a)(6) could not be used for enhancement purposes under V.T.C.A. Penal Code, Sec. 12.42.

3. Although we have concluded that the federal conviction was unavailable for enhancement, that conclusion does not alter our finding that the State erroneously made multiple use of the prior theft by bailee conviction in using same to enhance each of petitioner's five sentences. See *Misenhimer v. State*, 560 S.W.2d 98.

theft offenses, obtained under a five-count indictment, were improperly enhanced.

The State in its motion asserts that a prior conviction for a federal offense was properly used for enhancement purposes. We agree and grant the State's Motion for Rehearing.

In *Ex Parte Blume*, 618 S.W.2d 373 (Tex.Cr.App.1981), we concluded that even though a particular federal offense was not an offense under the laws of this state, a conviction for that federal offense could nonetheless be used for enhancement purposes under V.T.C.A. Penal Code, Sec. 12.42. In the instant case, the use of the federal felony conviction to enhance the punishment was proper.

In granting the State's Motion for Rehearing, we do not disturb the remainder of our earlier decision. Each of the five counts were enhanced by the same two prior convictions. We have now determined that the use of the federal conviction for enhancement was valid; thus, the punishment for the first count was proper. However, the remaining convictions were improperly enhanced by the same prior felony convictions. The cause is remanded for the court to reassess punishment obtained under the second through fifth counts of the indictment within the range provided by V.T.C.A. Penal Code, Sec. 12.34.

It is so ordered.