**Samuel Kenneth SWOAPE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63212.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 26, 1983.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Michael C. Kuhn and R.P. Cornelius, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S MOTION
FOR REHEARING

ONION, Presiding Judge.

Appellant was convicted on two counts in the same indictment of aggravated robbery. Punishment, enhanced by allegation and proof of one prior felony conviction, was assessed by the jury at fifty (50) years' imprisonment under the first count (first paragraph of the indictment) and at ninety-nine (99) years' confinement under count two (second paragraph of the indictment). See V.T.C.A., Penal Code, § 12.42(c).

On original submission the judgment reflects both convictions were affirmed in a per curiam opinion. On rehearing appellant complains the court did not address his third ground of error. He is right.

In such ground of error appellant contends the "conviction" should be reversed because the State used the same prior conviction twice to enhance punishment.

The indictment alleged five different offenses in five separate counts all occurring on or about August 7, 1978. In connection with these offenses a prior 1977 conviction for burglary of a building in Cause No. 245193 in Harris County was alleged for enhancement of punishment.

After the jury found the appellant guilty of two counts of aggravated robbery, the appellant entered a plea of "true" to the prior conviction allegation. The court charged the jury to find the appellant to be the same person so previously convicted as alleged and to assess punishment at life, or for any term of years not less than fifteen years nor more than ninety-nine years. In accordance with the verdict forms submitted, the jury returned the verdict with designated "Paragraph I" and "Paragraph II." In "Paragraph I" the jury having found the appellant guilty of the aggravated robbery alleged in paragraph one of the indictment and that he was the same person previously convicted of burglary as alleged, assessed punishment at fifty (50) years' imprisonment. In "Paragraph II" of the verdict the jury, having found the appellant guilty of aggravated robbery as alleged in paragraph two of the indictment and that he was the same person previously convicted of burglary as alleged, assessed punishment at ninety-nine (99) years.

The verdict was returned on January 5, 1979. Sentence was imposed on January 15, 1979. It is clear that the same prior conviction was used to enhance punishment on both counts of aggravated robbery.

It has long been a general rule that a prior conviction cannot be used more than once to enhance punishment. *Ex parte White*, 538 S.W.2d 417 (Tex.Cr.App.1976); *Ex parte Montgomery*, 571 S.W.2d 182 (Tex.Cr.App.1978), and cases there cited. And this rule has been held to apply when two cases are tried together. *Ex parte Williams*, 571 S.W.2d 26 (Tex.Cr.App.1978).

In a prosecution on two charges of murder, tried together, it was held the trial court committed prejudicial error in enhancing punishment in each cause on the basis of the same previous felony conviction. *Shaw v. State*, 530 S.W.2d 838 (Tex. Cr.App.1975). See also *Carvajal v. State*, 529 S.W.2d 517 (Tex.Cr.App.1975); *Waythe v. State*, 533 S.W.2d 802 (Tex.Cr.App.1976); *Rollins v. State*, 542 S.W.2d 163 (Tex.Cr. App.1976).

In a case similar to the instant cause, it was held in *Misenhimer v. State*, 560 S.W.2d 98 (Tex.Cr.App.1978), that where both of the defendant's convictions for robbery were enhanced by the same prior conviction, the punishment in one of the cases was excessive. And in *Ex parte Mulchahey*, 621 S.W.2d 602 (Tex.Cr.App.1981), it was held a prior conviction for theft by bailee could not be used to enhance petitioner's punishment to life as an habitual criminal for the second through the fifth counts of the indictment after that prior theft conviction had been used to enhance punishment under the first count of the indictment.

It is, of course, true that now a prior conviction can be used any number of times for the purpose of enhancement. V.T.C.A., Penal Code, § 12.46, was added to the Penal Code in 1979. It provides:

"The use of a conviction for enhancement purposes shall not preclude subse-

quent use of such conviction for enhancement purposes." (Acts 1979, 66th Leg., p. 1027, ch. 459, § 1, eff. June 7, 1979).

 Section 12.46 was not in effect at the time punishment was assessed in the instant case, but the previously discussed general rule was. Thus the prior conviction alleged was available for enhancement of punishment under V.T.C.A., Penal Code, § 12.42(c), under the first count of the indictment, but was not available for such use under the second count of the indictment. Was there reversible error as to the second count under all the circumstances?

The appellant entered a plea of "true" to the prior burglary conviction alleged for enhancement of punishment. There was no objection to the court's charge or the verdict forms at the penalty stage of the trial. The instant contention is raised for the first time on appeal.

Both counts submitted to the jury charged aggravated robbery which is a first degree felony, V.T.C.A., Penal Code, § 29.03. V.T.C.A., Penal Code, § 12.32 (1974), in effect at the time of the charged offenses and trial, provided:

> "An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for any term of not more than 99 years or less than 5 years." [1]

V.T.C.A., Penal Code, § 12.42 (Penalties for Repeat and Habitual Felony Offenders), provides in part:

> "(c) If it be shown on the trial of a first-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than *15 years*." (Emphasis supplied.)

 The only difference between the range of punishment given and that which

should have been given was in the minimum penalty—the difference between 5 years and 15 years. In addition to evidence of the aggravated robbery charged in the second count itself, there was evidence appellant forced the prosecutrix at gunpoint to commit oral sodomy on him during the course of the robbery. The prior burglary conviction, to which appellant plead "true," would have been admissible with regard to the second count even if it had not been alleged. See Article 37.07, V.A.C.C.P. The prior conviction was available for consideration by the juror in assessing punishment. It does not show that the jurors were concerned with assessing the minimum penalty. The punishment assessed was 99 years.

While there was error, we cannot conclude under the circumstances of this particular case that the error was such as to call for an entirely new trial. The error was harmless beyond a reasonable doubt.

The sentence is reformed to show that on the second count the appellant is sentenced to serve not less than five years nor more than 99 years.

The sentence being reformed, appellant's motion for rehearing is overruled.

CLINTON, J., concurred.

---

1. Section 12.32 has now been amended by making the original provision section (a) and by adding section (b) as follows:

"(b) In addition to imprisonment, an individual adjudged guilty of a felony of the first degree may be punished by a fine not to exceed $10,000.00."