**Ex parte Charles Henry FOWLER.**

**Nos. 69261, 69308.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 21, 1984.

Rehearing Denied Feb. 6, 1985.

Charles Henry Fowler, pro se.

Robert Huttash, State's Atty., Austin, for the State.

Before the court en banc.

## OPINION

McCORMICK, Judge.

Before us are two post-conviction applications for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P., alleging the same grounds for relief.

In February, 1977, a jury found applicant guilty of five counts of theft. Applicant pled true to a single enhancement paragraph which alleged a prior federal felony conviction for bank robbery. The jury assessed punishment at fifteen years and a $1,500.00 fine on each count. This Court affirmed applicant's convictions on October 17, 1979, in an unpublished, per curiam opinion. We have granted applicant's pro se applications for writ of habeas corpus wherein applicant requests relief because the same prior felony conviction was used to enhance all five convictions.

The indictment charged applicant with five counts of theft of money of over two hundred dollars and under ten thousand dollars. Counts I and II alleged theft on or about April 30, 1976; Counts III through V alleged theft on or about April 23, 1976.

Theft of property within the preceding range was a third degree felony under V.T.C.A., Penal Code, Section 31.03(d)(4)(A) (1975). The court's charge on assessment of punishment instructed that the jury could assess punishment within the second degree felony range, specifically, confinement for not less than two years nor more than twenty years and a fine not to exceed $10,000.00 as to each count of the indictment. See V.T.C.A., Penal Code, Sections 12.33 and 12.42(a) (1975).

Prior to the 1979 enactment of V.T.C.A., Penal Code, Section 12.46,[1] the same prior felony conviction could not be used twice for enhancement, except when it was first used under Section 12.42(a), (b), or (c), and then later used under Section 12.42(d). *Ex parte White*, 538 S.W.2d 417 (Tex.Cr.App. 1976); *Misenheimer v. State*, 560 S.W.2d 98, 99 (Tex.Cr.App. 1978). Under this former scheme, once an automatic life sentence was obtained, the same prior felonies were, in a sense, retired and became unavailable for enhancement. *Ex parte Montgomery*, 571 S.W.2d 182 (Tex.Cr.App. 1978).

This Court has granted relief in numerous pre-Section 12.46 cases where the same felony offense was employed to impermissibly enhance multiple convictions. See *Swoape v. State*, 658 S.W.2d 600 ((Tex.Cr.App.1983); *Ex parte Montgomery*, supra, and cases cited therein. Enhancement of multiple convictions by the same prior felony is erroneous even though the primary offenses are separate causes tried together, *Ex parte Williams*, 571 S.W.2d 26 (Tex.Cr.App.1978); *Misenheimer v. State*, supra; *Shaw v. State*, 530 S.W.2d 838 (Tex.Cr.App. 1976); or are counts contained within a multi-count indictment. *Ex parte Mulchahey*, 621 S.W.2d 602 (Tex.Cr. App. 1981); *Swoape v. State*, supra. In the preceding situations, the judgment in the cause or count entered first in time is properly enhanced. Absent evidence of

---

**1.** Section 12.46, which became effective June 7, 1979, provides:

"The use of a conviction for enhancement purposes shall not preclude the subsequent

use of such conviction for enhancement purposes."

440

record to the contrary, judgment in the cause with the lowest cause number or judgment on the first count of a multi-count indictment is presumed to have been entered first. See *Sanchez v. State*, 605 S.W.2d 261 (Tex.Cr.App. 1980).

Applying the foregoing to the case sub judice, we grant applicant partial relief. We presume that judgment was entered first as to count one. Therefore, relief is denied as to the conviction for theft as alleged in count I of the indictment. However, we find that applicant is entitled to relief on counts II through V. Since the jury assessed punishment, we are without authority to remand for a new punishment hearing alone. See *Ellison v. State*, 432 S.W.2d 955 (Tex.Cr.App. 1968), and Articles 44.24 and 44.29, V.A.C.C.P. Therefore, relief is granted as to counts II through V. All other relief is denied.