**Ex parte Gregory BONHAM.**

No. 69405.

Court of Criminal Appeals of Texas,
En Banc.

April 9, 1986.

Gregory Bonham, pro se.

John B. Holmes, Jr., Dist. Atty., Karen Zellars, Asst. Dist. Atty., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Applicant is before this Court seeking habeas corpus relief pursuant to Article 11.07, V.A.C.C.P. Applicant was indicted on June 11, 1979, on two separate counts of aggravated robbery. Both offenses were alleged to have occurred on May 26, 1979. Applicant was tried before a jury and found guilty of both offenses. After finding enhancement allegations to be true, the jury assessed punishment at thirty-five years' imprisonment for the first count and forty years' imprisonment for the second count. Applicant appealed his conviction to the First Court of Appeals. That Court affirmed his conviction in an unpublished opinion. *Bonham v. State*, No. 01–81–0408–CR (Tex.App.Houston [1st], November 3, 1983).

Applicant has alleged that the trial court committed fundamental error in allowing the State to use the same prior conviction to enhance both offenses. Applicant argues that this practice was not permitted in our jurisdiction until the enactment of V.T. C.A., Penal Code, Section 12.46, which became effective on June 7, 1979. He reasons that because his offenses were committed in May of 1979, prior to the effective date of this statute, that it has no application to his case. Applicant asserts that his case is controlled by the rule in force at the time the offenses were committed. He further argues that it is immaterial that his indictment was returned and his trial conducted after Section 12.46, supra, went into effect. Applicant has cited the cases of *Harris v. State*, 623 S.W.2d 367 (Tex.Cr.App.1981); *Ex parte Alegria* 464 S.W.2d 868 (Tex.Cr.App.1971), and *Swoape v. State*, 658 S.W.2d 600 (Tex.Cr.App.1983), as authority in support of his contention.

The State has filed a response in which they insist that applicant has misread the authorities he cites. The State maintains that the relevant consideration is the law which was in effect at the time of the prosecution, most particularly the law at the time of his trial. The State's reasoning is that, since Section 12.46, supra, was in effect at both the time of applicant's indictment and his trial the trial court was not in error when it allowed the State to enhance both offenses with the same prior conviction. The State cites the same cases cited by applicant in support of their argument. The State additionally cites the case of *Ex parte Mulchahey*, 621 S.W.2d 602 (Tex.Cr. App.1981), for the proposition that it is the time of prosecution which is the key consideration in this matter.

On direct appeal, the Court of Appeals determined that it is the date of trial which is properly used to determine the applicability of Section 12.46. The Court of Appeals stated that in their opinion there was no direct authority on the issue but nonetheless cited *Harris v. State*, supra, and *Ex parte Mulchahey*, supra, as "indicating" the time of trial as controlling of the issue. The Court of Appeals also cited *Vasquez v. State*, 477 S.W.2d 629 (Tex.Cr.App.1972); and *Salazar v. State*, 423 S.W.2d 297 (Tex. Cr.App.1968), for the proposition that the trial court's actions in applying Section 12.-46, supra, did not violate the constitutional prohibition against ex post facto laws.

Prior to the enactment of Section 12.46, supra, it was a well established rule that a prior conviction could not be used more than once to enhance punishment. *Swoape v. State*, supra; *Ex parte White*, 538 S.W.2d 417 (Tex.Cr.App.1976). This rule was held to be fully applicable in situations in which two cases were (as was done here) tried together. *Ex parte Williams*, 571 S.W.2d 26 (Tex.Cr.App.1978); *Shaw v. State*, 530 S.W.2d 838 (Tex.Cr.App.1975).

Since the enactment of Section 12.46, supra, the state of the law has changed considerably. It is now permissible under the clear terms of the statute to enhance two offenses with the same prior conviction. Section 12.46, supra, reads as follows:

> "The use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes."

In the case before us, the State and the applicant are in agreement as to the status of the law prior to June 7, 1979. They also agree as to the basic interpretation and validity of the statute. The only disagreement is as to the application of Section 12.46. Applicant insists that the provisions of Section 12.46 applies only to prosecutions of *crimes committed* after its effective date. The State on the other hand argues that the law is applicable to any criminal *prosecution conducted* after its effective date of June 7.

After reviewing the authorities cited and the statute in question, we must conclude that the applicant is correct. The retroactive application of Section 12.46, supra, to offenses committed prior to its effective date would violate the provisions of the Federal and State Constitutions which prohibit the enactment of ex post facto laws. Article I, Section 10, United States Constitution; Article I, Section 16, Texas Constitution; *Calder v. Bull*, 3 Dall. 386, 3 U.S. 386, 1 L.Ed. 648 (1798).

The fundamental principles of fairness upon which our system of justice is founded prohibits the enactment of laws [1] which either make an act a criminal offense after its commission or retroactively impose harsher sanctions at trial for a crime than were in effect at the time of its commission. Article I, Section 10, supra; Article I, Section 16, supra; *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977); *Beazell v. Ohio*, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925).

Very early in our nation's history the United States Supreme Court defined the categories of statutes which offend our Constitution's prohibition against ex post facto enactments. Writing for the Court in *Calder v. Bull*, supra, Justice Chase stated:

> "I will state what laws I consider *ex post facto* laws, within the words and the intent of the prohibition. 1st. Every law that makes an action done before the

---

1. The prohibition against ex post facto laws is a prohibition against legislative and not judicial action. Thus, the United States Supreme Court in *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), noted that a judicial decision having an unjust retroactive application is barred by the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution rather than Article I, Section 10's ex post facto provision.

Also, the prohibition against retroactive or ex post facto legislation applies with very limited exceptions only to criminal laws which exact, or effect, sanctions or punishment of a penal nature. *Bankers Trust Co. v. Blodgett*, 260 U.S. 647, 43 S.Ct. 233, 67 L.Ed. 439 (1923); *Galvan v. Press*, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911 (1954). Thus, in *Calder v. Bull*, supra, depriving someone of property rights retroactivity does not violate Article I, Section 10, supra.

passing of the law; and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender. All these, and similar laws, are manifestly unjust and oppressive...." 3 Dall. at 390, 3 U.S. at 390, 1 L.Ed. at 650. See also, *Malloy v. South Carolina,* 237 U.S. 180, 35 S.Ct. 507, 59 L.Ed. 509 (1915); *Bouie v. City of Columbia,* supra.

In a concurring opinion, Justice Patterson noted that enhancement provisions may also violate Article I, Section 10 of the United States Constitution:

"From the above passage it appears, that *ex post facto* laws have an appropriate signification; they extend to penal statutes, and no further; they are restricted in legal estimation to the creation, and, perhaps, enhancement of crimes, pains and penalties. The enhancement of a crime, or penalty, seems to come within the same mischief as the creation of a crime or penalty; and therefore they may be classed together." 3 Dall. at 396, 3 U.S. at 396, 1 L.Ed. at 653.

An ex post facto law has been defined by this Court in the following manner:

"... A law which changes the punishment for a crime after the crime has been committed is an ex post factor law as prohibited by Tex.Const., Art. I, Sec. 16, Vernon's Ann.St. and U.S. Const., Art. I, Sec. 10, ..." *Ex parte Tate,* 471 S.W.2d 404 (Tex.Cr.App.1971).

In light of the above authority, we find that the application of Section 12.46 to applicant's cause violates both the Federal and State Constitutions. Enhancing both of the applicant's convictions pursuant to Section 12.46 effects an ex post facto law in that such enhancement operates to increase the punishment liability (and indeed the punishment) for one of the offenses several days after its commission.

On the date applicant committed the offenses in question, he was liable to have his punishment enhanced for only *one* of the crimes committed. The State, to be sure, could elect *which* of the two crimes it could enhance under Section 12.42(c). However, at the time of the commission of the offense, the State could not enhance both primary offenses with the same previous offense. For the State at trial to retroactively apply Section 12.46 to both convictions had the effect of imposing, after the fact, a harsher penalty for the offense than applicant was subject to at the time he committed the offense.

We grant applicant partial relief. We presume that judgment was entered first as to Count I, and as such Count I was properly enhanced. Therefore, relief is denied as to the conviction for aggravated robbery as alleged in Count I of the indictment. However, we find that applicant is entitled to relief on Count II. Since the jury assessed punishment, we are without authority to remand for a new punishment hearing alone. *Ex parte Fowler,* 683 S.W.2d 438 (Tex.Cr.App.1984). Therefore, relief is granted as to Count II. All other relief is denied.

Applicant is remanded to the custody of the Sheriff of Harris County to answer the allegations of Count II of the indictment.

The clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.