**Wilma Laverne SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. C14–86–00879–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 11, 1988.

Dissenting Opinion March 31, 1988.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Kathlyn Giannaula, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant entered a plea of not guilty before a jury to the offense of murder. She was convicted and sentenced to fifteen years confinement in the Texas Department of Corrections. Because this court lacks jurisdiction, we order the appeal dismissed.

Appellant gave oral notice of appeal on October 6, 1986. The clerk of the court reduced the oral notice to writing on October 8, 1986. No written notice of appeal was filed by appellant.

No motion for new trial was filed. No timely motion for extension of time to file the notice of appeal was filed. No out-of-time appeal has been granted.

Tex.R.App.P. 40(b)(1) (Vernon Supp.1987) states in part: "Notice of appeal *shall* be given *in writing* filed with the clerk of the trial court." (emphasis added). The clerk's written form in this case merely acknowledges that the trial court received appellant's oral notice of appeal. This fails to meet the requirements of the Rules of Appellate Procedure. As a result, this court is without jurisdiction to entertain the appeal. *Shute v. State,* 744 S.W.2d 96 (Tex.Crim.App.1988).

Accordingly, the appeal is ordered dismissed for want of jurisdiction.

SEARS, Justice dissenting.

Prior to *Shute*,[1] it was common procedure in Harris County for a defendant, in open court, to give oral notice of appeal from a criminal conviction. The clerk of the court, in response to the oral notice, would fill in the blanks on a form prepared by the Harris County District Clerk's Office and entitled NOTICE OF APPEAL. The clerk then filed this written notice of appeal with the court and that written notice of appeal was then *entered of record.* This procedure has long been accepted by the bench, the State, the defense bar and the appellate courts of this state. All parties participated in the procedure, acknowledged the sufficiency of the notice of appeal, and acknowledged compliance with the rules of appellate procedure. Rule 40(b)(1) of the Texas Rules of Appellate Procedure, cited in *Shute*[2] as requiring "independent written notice of appeal", became effective September 1, 1986, and provides as follows:

> Appeal is perfected in a criminal case by giving timely notice of appeal.... Notice of appeal shall be given in writing filed with the clerk of the trial court. *Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order.* (Emphasis added).

Tex.R.App.P. 40(b)(1). The rule does not contain an express or implied requirement of "independent" written notice of appeal. Further, if it was intended as a requirement by those who drafted the new rules, it surely would have been included.

While I do not question the power of the Court of Criminal Appeals to interpret and apply the rules of criminal appellate procedure, I seriously question the power of any court to establish a requirement that did not previously exist, and then apply that requirement retroactively to deny an appellant the constitutional rights of appeal and due process. Ex post facto laws are prohibited by the federal constitution[3] and by the Texas constitution[4]. The right to fair warning is fundamental to our concept of constitutional liberty.

The terms "ex post facto" and "retroactive" are sometimes referred to as synonymous, and retroactive laws are included within the prohibition against ex post facto laws. *Bender v. Crawford,* 33 Tex. 745 (1870); *see Texas Industrial Accident Board v. Industrial Foundation of the South,* 526 S.W.2d 211, 220 (Tex.Civ.App.—Beaumont 1975), *aff'd,* 540 S.W.2d 668 (Tex.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977). It is clear in our system of criminal jurisprudence that a person cannot be punished for an activity that was not a crime at the time it was committed, but was made a crime by some subsequent legislation. *Holt v. State,* 2 Tex. 363, 364 (1847); *Ex parte Bonham,* 707 S.W.2d 107, 108 (Tex.Crim.App.1986). It likewise should be clear that when an appellant follows a procedure that is accepted by the trial court, the State and the appellate courts as being in compliance with the rules governing criminal appeals, he should not lose his constitutional right to appeal because that procedure is subsequently held to be insufficient to invoke the jurisdiction of the courts of appeal. Such a result is simply not compatible with sound judicial reasoning.

The facts of this case are particularly disturbing. The attorney for appellant was advised by mail, by an agent of the state, on the letterhead of the Harris County District Clerk's office, that *notice of appeal was filed* and that such appeal was assigned to the Fourteenth Court of Appeals. Further, the NOTICE OF APPEAL form supplied by the State, and filled in by the clerk of the court, recites that "oral" notice of appeal was given by the appellant. However, the notice of appeal form in this record shows that the word "oral" was

---

**1.** *Shute v. State,* 744 S.W.2d 96 (Tex.Crim.App. 1988).

**2.** *Shute v. State,* 744 S.W.2d at 97.

**3.** U.S. Const. art. 1, § 10.

**4.** Tex. Const. art. 1, § 16.

struck through and the word "written" was inserted. Therefore, not only did appellant have a "written" notice of appeal from the file, but he was further advised by the State that the notice of appeal had been filed and the appeal had been assigned to the Fourteenth Court of Appeals. There is something that goes against the grain of fundamental fairness when we allow an agent for the State to mislead a party appealing a criminal conviction, then having successfully misled the party into believing he had complied with the rules governing appeals, dismiss the appeal for failure to comply with the rules. Surely we cannot accept such an infectious cancer in our system of criminal jurisprudence.

Finally, we can and should find as a matter of law that appellant was denied effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If an "independent" written notice of appeal is required in order to perfect an appeal and the attorney for appellant fails to file such "independent" notice, and, if as result of such failure the appellant loses his right to appeal, then, he has been denied his constitutional right to effective assistance of counsel.

In the interest of good reason, justice and judicial economy, we should recognize the wrong, exorcise it and get on with the business of considering appellant's appeal.