UNITED STATES of America,
Plaintiff-Appellant,

v.

George Harvey DOTSON,
Defendant-Appellee.

No. 76–4005.

United States Court of Appeals,
Fifth Circuit.

July 1, 1977.

John L. Briggs, U. S. Atty., Jacksonville,
Fla., Mark L. Horwitz, Asst. U. S. Atty.,
Orlando, Fla., for plaintiff-appellant.

Marc L. Lubet, Orlando, Fla. (Court-ap-
pointed, for defendant-appellee.

Before WISDOM, SIMPSON and TJOF-
LAT, Circuit Judges.

PER CURIAM:

This appeal is from the district court's
order dismissing the indictment for alleged
violations of 18 U.S.C. § 922(a)(6), and
§ 922(h) on the ground that the defendant-
appellee Dotson had not been previously
convicted of a crime punishable by impris-
onment for a term exceeding one year. On
the basis of the district court's order, see
Appendix A hereto, and the United States
Supreme Court decision in *Lott v. United
States*, 367 U.S. 421, 81 S.Ct. 1563, 6
L.Ed.2d 940 (1961), the judgment is

AFFIRMED.

Appendix A to follow.

---

1. The district court's opinion and order of dismissal are also reported at 37 A.F.T.R.2d 409.

APPENDIX A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

vs.                                    No. 76–85–ORL–CR–Y

GEORGE HARVEY DOTSON

## ORDER

This cause came before the Court on the motion of the defendant to dismiss the indictment on the ground that the alleged violations of 18 U.S.C. § 922(a)(6) and § 922(h) require the defendant to have been previously convicted of a felony, and the defendant has not been so convicted.

The indictment in this case charges defendant in Count One with making a false statement on his application to purchase a firearm concerning whether he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(a)(6). Count Two of the indictment charges defendant with knowingly receiving a firearm which had moved in interstate commerce although having previously been convicted of a felony, in violation of 18 U.S.C. § 922(h). The previous felony conviction referred to in the indictment allegedly occurred on February 11, 1972, in the United States District Court for the Northern District of Georgia upon a charge of unlawfully receiving and concealing a stolen motor vehicle which had been moving in interstate commerce in violation of 18 U.S.C. § 2313.

Defendant contends that he was never convicted of the above offense but rather that the district judge accepted defendant's plea of nolo contendere to the charge and imposed a suspended sentence and one year probation term, specifically withholding any adjudication of guilt. In support of his contention, defendant submitted a certified copy of the Judgment Commitment, and Order of Probation signed by the district judge who accepted defendant's plea of the prior charge, and a transcript of the hearing at which defendant entered his plea to that charge and the Court entered its judgment upon the plea.

Accepting for the purposes of ruling on defendant's motion to dismiss the transcript of the prior proceedings and the certified copy of the Judgment, Commitment and Order of Probation from the Northern District of Georgia, and also accepting as a stipulated fact that this is the alleged prior conviction on which the indictment in this case is brought against the defendant, this Court cannot find that a conviction was ever imposed upon the prior offense charged.

This Court must make its determination based solely upon the record of the prior proceedings, and from the record it appears that at the time of the hearing, no oral adjudication of guilt was ever made by the district judge from the bench and it further appears that at the time of entering the written order, the words "been convicted" were specifically crossed out, and no adjudication of guilt was ever made. It appears that the clear intent of that Court was that no adjudication of guilt be imposed, presumably so that upon completion of the term of probation, defendant's record would be clear of any conviction for that offense.

Consequently, because there was no conviction of the prior offense at the time defendant purchased the firearm he had not previously been convicted of a felony and therefore made no false statement on his

**136**

application for the firearm, nor did he receive the firearm unlawfully; therefore, it is,

ORDERED that the defendant's motion to dismiss the indictment be and is hereby granted.

DONE and ORDERED in Chambers at Orlando, Florida, this 8th day of September, 1976.

(s) <u>George C. Young</u>
Chief Judge