**In re Julius Cecil OLSON, Petitioner.**

**No. 83–7624.**

United States Court of Appeals, Eleventh Circuit.

March 2, 1984.

See also 11 Cir., 670 F.2d 185.

Before GODBOLD, Chief Judge, RONEY and ANDERSON, Circuit Judges.

BY THE COURT:

The district court originally sentenced petitioner Olson as follows:

Count I:  five years

Count II:  five years plus two years parole term

Count III:  ten years

Count IV:  ten years plus four years special parole term.

All sentences to run concurrently.

Thus the maximum to be served was ten years jail time plus four years parole.

The sentences of ten years on Counts III and IV were purportedly enhanced under 21 U.S.C. Sec. 851, with the prison time doubled (and presumably the parole time doubled under Count IV). Petitioner moved to correct his sentence on the ground that the procedural requisites of Sec. 851 had not been complied with. In fact, the government had not even filed an information stating the previous convictions relied upon, as required by Sec. 851. Since there was no information, the court had not made the inquiries required of it under Sec. 851(b). Consequently, the petitioner had not made (or had any reason to make) the response permitted under Sec. 851(c). The government confessed error, but the district court refused to correct the sentence.

On appeal to this court the government again conceded that petitioner was correct and that he had to be resentenced. In our decision, *U.S. v. Olson,* 716 F.2d 850 (11th Cir.1983), we held that the district court acted beyond its authority when it imposed the enhanced sentences under Counts III and IV. Our decision mandated:

The case must be remanded and Olson's sentence reduced.

The mandate of this court, issued October 3, 1983, ordered and adjudged that the case was:

REMANDED for reduction of sentence.

On remand, without statement of reasons, the district court resentenced petitioner as follows:

Count I: five years (same as before)

Count II: five years plus two years parole term (same as before)

Count III: five years

Count IV: five years (plus two years parole term)

The sentences on I and II to run concurrently with each other, and those on III and IV concurrently with each other, but the sentences otherwise to run consecutively.

Thus the effect of the resentencing (apart from the difference of two years on parole on Count IV versus four years on parole on that count) was that petitioner was still sentenced to ten years jail time, the same length of time imposed on him by the original unauthorized sentences under Counts III and IV.

Olson has filed a petition for writ of mandamus. The government has responded, conceding that under *U.S. v. Denson*, 603 F.2d 1143 (5th Cir.1979), the writ of mandamus is proper to correct a sentence imposed by a court in excess of its authority.

We need not explore in this case the possible application of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). That case forbids imposition of a more severe sentence upon a defendant after a new trial and an appeal unless the reasons for the judge's action affirmatively appear, are based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing, and are part of the record. Nor do we need to decide in this case whether we will adopt the dictum in *U.S. v. Henry*, 709 F.2d 298, 315 (5th Cir.1983) (en banc), suggesting that what occurred there, which parallels what occurred here, violates *Pearce*. There is a more direct answer in this case. The district court did not comply with the mandate of this court. Its authority on remand was to reduce the sentence, that is, to omit the unauthorized enhancements under Counts III and IV. The court, having done that much, went beyond the terms of the mandate and altered the sentence so as to give Olson the ten years jail time he had imposed originally and without authority.

The writ of mandamus is GRANTED and the court is directed to amend the sentence entered on Count III to a maximum of five years, and the sentence on Count IV to a maximum of five years plus two years parole, to run concurrently with the sentences on Counts I and II.