**UNITED STATES of America, Plaintiff-Appellant,**

v.

**James Charles CANNON, Defendant-Appellee.**

**In re UNITED STATES of America, Petitioner.**

**Nos. 84–5979, 85–5229.**

United States Court of Appeals, Eleventh Circuit.

Dec. 23, 1985.

Elizabeth A. Jenkins, Asst. U.S. Atty., Leon B. Kellner, U.S. Atty., Sonia Escobio O'Donnell, Deputy Chief, Appellate Div., Linda Collins Hertz, Asst. U.S. Atty., Miami, Fla., for U.S.

Charles White, Miami, Fla., for defendant-appellee.

Before VANCE and HATCHETT, Circuit Judges, and ATKINS *, District Judge.

PER CURIAM:

James Cannon was charged with firearms violations in a four-count indictment. Pursuant to a plea agreement he pleaded guilty to one of the counts, falsification of federal firearms forms in violation of 18

---

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by

U.S.C. § 922(m). As part of the plea agreement the government agreed not to oppose probation. At the request of the defense the trial judge deferred adjudication until sentencing to enable defendant to dispose of his firearms.

At sentencing the court announced that it would withhold adjudication of guilt and place Cannon on nonreporting probation for a period of one year. A formal judgment and probation/commitment order was entered to that effect. The apparent reason for the withholding of adjudication was to enable Cannon legally to retain his hunting weapons.

The government filed a motion to correct an illegal sentence, which was denied. It thereafter filed both an appeal and a petition for mandamus.

▪ Under our authorities it is clear that mandamus and not appeal is the appropriate procedure for correction of an illegal sentence. *United States v. Dean,* 752 F.2d 535 (11th Cir.1985); *United States v. Denson,* 603 F.2d 1143 (5th Cir.1979) (en banc). This was our holding in *Dean* where we quoted from *Denson* as follows:

We therefore held that "if a district court exceeds the scope of its judicial authority, the aggrieved party should be granted the writ almost as a matter of right."

*Dean,* 752 F.2d at 545 (quoting *Denson,* 603 F.2d at 1147). Cannon stipulates that mandamus is the only vehicle available to correct illegal sentences. He contends, however, that mandamus is improper because the district court's action was legal. Thus, the question before us is whether the district court had the authority to impose sentence while withholding adjudication of guilt. If not, the writ of mandamus should issue.

The lower court relied on *United States v. Dotson,* 555 F.2d 134 (5th Cir.1977). *Dotson* affirmed the dismissal of an indictment for making a false statement on a

---

designation.

firearm purchase application concerning whether the applicant previously had been convicted.[1] Dotson argued that he had never been convicted. He had previously been charged with a crime and entered a plea of nolo contendere but, as here, adjudication of guilt was withheld and he was put on probation. This court affirmed the holding that Dotson was correct, he had not been convicted. Both the district court and Cannon misread our opinion, however, to the extent that they concluded that it endorsed the legality of putting Dotson on probation while withholding adjudication of his guilt. Our opinion did not address the point and, indeed, the question of procedural legality was not before the court.

■ The government correctly cites *Ex parte United States*, 242 U.S. 27, 42, 37 S.Ct. 72, 74, 61 L.Ed. 129 (1916), for the proposition that the authority to define and fix punishment for crime is legislative and the authority to relieve from the punishment fixed by law belongs to the executive. In that case, the district judge had found the defendant guilty and sentenced him to five years imprisonment, but had suspended execution of the sentence indefinitely. At the time federal courts had no statutory authority to suspend sentences. The Court noted that

> if it be that the plain legislative command fixing a specific punishment for crime is subject to be permanently set aside by an implied judicial power upon considerations extraneous to the legality of the conviction, ... there could be likewise implied a discretionary authority to permanently refuse to try a criminal charge because of the conclusion that a particular act made criminal by law ought not to be treated as criminal. And thus ... the possession by the judicial department of power to permanently refuse to enforce a law would result in the destruction of the conceded powers of the other departments, and hence leave no law to be enforced.

*Id.* These concerns led the Court to conclude that federal courts have no inherent power to suspend execution of a sentence. *Id.* at 41–52, 37 S.Ct. at 74–78; *see also United States v. Elkin*, 731 F.2d 1005, 1010 (2d Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984) (absent statutory authority, a court may not decline to impose a sentence). Similarly, federal courts have no authority to grant probation unless authorized to do so by Congress. *Affronti v. United States*, 350 U.S. 79, 83, 76 S.Ct. 171, 173, 100 L.Ed. 62 (1955). Although a sentencing judge has great discretion in imposing a sentence, that discretion must be exercised within the bounds set by the Constitution and statutes.

Cannon pled guilty to Count III of the indictment, which charged that he falsely prepared an ATF form in violation of 18 U.S.C. §§ 922(m), 924(a) and 2. No authority is contained in those sections for the withholding of adjudication. The authority for placing a defendant on probation is found in 18 U.S.C. § 3651, which expressly predicates such action "[u]pon entering a judgment of conviction."

Under the laws of some states, including the one in which the district court sits, a procedure such as was employed by the district court is authorized. *See, e.g.,* Fla. Stat. § 948.01; *United States v. Garcia*, 727 F.2d 1028 (11th Cir.1984). We are cited to no federal authority, however, and we know of none, which empowers a federal judge to withhold adjudication and impose probation or any other sentence. Whether such authority should exist is a matter within the province of the Congress.

■ We conclude that in imposing sentence without adjudicating guilt the district court clearly exceeded the scope of its judicial authority. The writ of mandamus will therefore issue. The district court is directed to vacate its Corrected Judgment and Probation/Commitment Order, thereby restoring the case to a pending status and

---

1. The government argues that *Dotson* is no longer good law, citing *Dickerson v. New Banner Institute*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1982), and *United States v. Garcia*, 727 F.2d 1028 (11th Cir.1984). In view of our holding it is not necessary that we resolve the point.

to take further action consistent with this opinion.

APPEAL DISMISSED in No. 84–5979.

WRIT OF MANDAMUS ISSUED in No. 85–5229.