**UNITED STATES of America, Plaintiff-Appellant,**

v.

**James Charles CANNON, Defendant-Appellee.**

**In re UNITED STATES of America, Petitioner,**

**Nos. 86-5362, 86-5603 and 86-5662.**

United States Court of Appeals, Eleventh Circuit.

Dec. 31, 1986.

Leon B. Kellner, U.S. Atty., Robert B. Cornell, Lawrence H. Sharf, Asst. U.S. Attys., Miami, Fla., for U.S.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

This case has been before this court previously. In *U.S. v. Cannon*, 778 F.2d 747 (11th Cir.1985) we held "that in imposing sentence without adjudicating guilt the district court clearly exceeded the scope of its judicial authority." *Id.* at 749. Cannon, who was charged with four counts of firearms violations, pleaded guilty to one of the counts pursuant to a plea agreement. The district court withheld adjudication, presumably to enable Cannon to retain his hunting weapons legally. *Id.* at 748. We granted the government's petition for writ of mandamus because the district court exceeded its authority when it sentenced Cannon while withholding adjudication of guilt. We therefore ordered the district court to vacate its judgment and order, "thereby restoring the case to a pending status and to take further action consistent with this opinion." *Id.* at 749-50.

Subsequently the district court, over objection of the government, set aside Cannon's guilty plea *sua sponte*, ordered a

new trial, and entered a judgment of acquittal when the government refused to proceed to trial. The government appealed both the order to set aside Cannon's guilty plea and proceed to trial and the judgment of acquittal. The government also filed a petition for writ of mandamus.

When a trial court fails to follow the appellate court's mandate, a writ of mandamus may issue. *In re Olson,* 727 F.2d 1015, 1016 (11th Cir.1984). Cannon knowingly entered a plea of guilty that met all of the prerequisites of Fed.R.Crim.P. 11. This court's prior mandate obligated the district court to impose sentence unless the facts had changed so dramatically that a withdrawal of Cannon's guilty plea was proper under Fed.R.Crim.P. 32(d). This rule provides:

> If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is had under 18 U.S.C. § 4205(c), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

The district court exceeded its authority under Rule 32(d) to set aside a valid guilty plea.

Rule 32(d) permits the withdrawal of a guilty plea only upon the initiative of the defendant. The district court therefore lacked the authority to vacate Cannon's guilty plea. *See U.S. v. Smith,* 331 U.S. 469, 474, 67 S.Ct. 1330, 1333, 91 L.Ed. 1610 (1947).

The district court also exceeded its authority under Rule 32(d) because Cannon failed to show a "fair and just reason" for withdrawing his plea. Cannon presented no evidence to support the court's withdrawal of his guilty plea. The government was entitled to an opportunity to respond to any reasons Cannon articulated for withdrawal of his prior voluntary guilty plea. Fed.R.Crim.P. 32(d) Advisory Committee Notes. In any event, the district court failed to point to any circumstances that have changed since the guilty plea was originally tendered and accepted.

We hold that the district court exceeded its authority under Rule 32(d) by setting aside Cannon's guilty plea, ordering a new trial, and granting Cannon an acquittal. The writ of mandamus will therefore issue. The district court is directed to vacate the judgment of acquittal and dismissal of the indictment and reinstate the guilty plea. We also dismiss the government's appeals of the prior district court orders because they are now moot.

APPEAL DISMISSED in Nos. 86–5362 and 86–5603.

WRIT OF MANDAMUS ISSUED in No. 86–5662.